**Jimnah SHIYR, a/k/a Jim Carroll, and Gena Carroll, Plaintiffs–Appellants,**

**v.**

**Ronald PINCKNEY, d/b/a Ron's Auto, Defendant–Respondent.**

No. 19432.

Missouri Court of Appeals, Southern District, Division One.

March 28, 1995.

Jimnah Shiyr, a/k/a Jim Carroll, Gena Carroll, Wasola, pro se.

Thomas W. Cline, Gainesville, for defendant-respondent.

PER CURIAM:

Jimnah Shiyr (Shiyr) and his daughter, Gena Carroll (Carroll), appeal after the circuit court dismissed their suit for damages brought against Ronald Pinckney (Defendant).[1]

Plaintiffs' petition was filed initially in the small claims division of the circuit court. Plaintiffs alleged they were damaged in the amount of $172.14 because Defendant failed to adequately repair the transmission of a 1981 AMC Concord automobile. After an evidentiary hearing, judgment was entered for Defendant. Plaintiffs promptly filed for a trial de novo and the case was docketed in Division I, Ozark County Circuit Court.

In December 1993 the trial court dismissed Shiyr from the case after making the following findings:

"The Court finds that Jimnah Shiyr has no legal standing or interest in this litigation and has failed to state a cause of action on his own behalf.

The Court further finds that Jimnah Shiyr has failed and refused to answer discovery as previously ordered by this Court, as specifically directed on 9/14/93 and again on 10/22/93, at which time this Court ordered plaintiff to answer discovery or his pleadings would be stricken. [Plaintiff] Jimnah Shiyr stated he was aware of the Court orders."

On February 1, 1994, the trial court dismissed Carroll's claim because of her failure to prosecute. This appeal followed.

Rule 84.04(d), governing an appellant's points relied on, provides:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. If more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first. All authorities discussed in the argument shall be cited under the "Points Relied On." Long lists of citations should not be included.

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

Compliance with Rule 84.04(d) is discussed at length in numerous Missouri appellate court opinions, including *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), and *State ex rel. Marshall v. Hercey,* 869 S.W.2d 878 (Mo. App.1994). The policy underlying the requirements of Rule 84.04(d) is set out in *Thummel,* 570 S.W.2d at 686[6–7], and need not be repeated here.

Points relied on that do not meet the requirements of Rule 84.04(d) preserve nothing

---

1. When we refer in this opinion to Jimnah Shiyr or Gena Carroll individually, we use their last names. Collectively, we refer to them as "Plaintiffs."

 

for review. *Thummel,* 570 S.W.2d at 684. Moreover, "allegations of error ... not properly briefed shall not be considered in any civil appeal...." Rule 84.13(a).

█ Under Rule 84.04(d), it is an appellant's obligation to cite appropriate and available precedent if he expects to prevail. *Thummel,* 570 S.W.2d at 687. If no authority is available, an explanation should be made for the absence of citations. *Id.* Where, as here, appellants neither cite relevant authority nor explain why authority is not available, the appellate court may be justified in considering their points abandoned and dismiss the appeal. *Ray v. Upjohn Co.,* 851 S.W.2d 646, 656 (Mo.App.1993); *Black v. Cowan Const. Co.,* 738 S.W.2d 617, 619 (Mo.App.1987); *Claspill v. City of Springfield,* 598 S.W.2d 183, 186 (Mo.App. 1980). *See Snelling v. Chrysler Motors Corp.,* 859 S.W.2d 755, 756 (Mo.App.1993). We conclude that to be the appropriate disposition of this case. *See Sedalia Bank and Trust Co. v. Loges Farms, Inc.,* 740 S.W.2d 188, 197 (Mo.App.1987). *See also Snelling,* 859 S.W.2d at 756. We are confirmed in that view when we examine the argument portion of the brief under each point and find neither authority cited nor an explanation for its absence. *See Ray,* 851 S.W.2d at 656.

█ Parties who proceed *pro se* are bound by the same rules as lawyers and are entitled to no tolerances they would not have received if represented by counsel. *Snelling,* 859 S.W.2d at 756.

We decline to exercise the discretionary authority granted us by Rule 84.13(c) to examine the record on appeal in search of plain error.

█ We do not agree with Defendant's contention that Plaintiffs should be sanctioned for filing a frivolous appeal pursuant to Rule 84.19. The Rule 84.19 remedy of damages for frivolous appeal is drastic and should be used only when issues and questions are presented in bad faith or are not fairly debatable. *See Snelling,* 859 S.W.2d at 757. "An inadequate brief alone does not render an appeal frivolous." *Id.* We are not persuaded by this record that Plaintiffs acted in bad faith or did not attempt to present

debatable issues to justify an appeal. Defendant's motion for damages pursuant to Rule 84.19 is denied.

We dismiss the appeal.

All concur.