258 S.W.3d 547 (2008)
Richard Alan CARDEN, Plaintiff-Appellant,
v.
MISSOURI INTERGOVERNMENTAL RISK MANAGEMENT ASSOCIATION, and Genesis Insurance Company, Defendants-Respondents.
No. 28890.
Missouri Court of Appeals, Southern District, Division Two.
July 15, 2008.
*550 Richard Alan Carden, pro se.
David P. Bub and Kenneth R. Goleaner, Brown & James, P.C., St. Louis, MO, for respondent.
GARY W. LYNCH, Chief Judge.
Richard Alan Carden ("Appellant") appeals the trial court's dismissal without prejudice of his petition for declaratory judgment against Missouri Intergovernmental Risk Management Association ("MIRMA") and Genesis Insurance Company ("Genesis") (collectively "Respondents"). Respondents filed motions to strike Appellant's brief and dismiss the appeal for failure to comply with Rule 84.04 and sought sanctions for frivolous appeal under Rule 84.19.[1] We dismiss the appeal and impose sanctions.

Procedural Background
Appellant filed a petition for declaratory judgment in the Circuit Court of Phelps County under sections 527.010-527.130[2] and Rule 87, naming Respondents as defendants. In that petition, Appellant initially advised the court that "he is Pro Se in this action. As such he is entitled to all the empowerment and protections of the Court as though he were a Bar Attorney." The factual allegations in the petition consist of the following, verbatim:
Point 1.  [MIRMA] is an insurance entity licensed and supervised by the Missouri State Department of Insurance. (See Exhibit 1, pgs 1-18)[[3]]

*551 Point 2.  MIRMA is the Insurer for the City of Rolla MO. (See Exhibit 2, pgs 1-31)[[4]]
Point 3.  MIRMA has a liability capacity of 1M,(one million dollars) within its policy.
Point 4.  Genesis Insurance Co. is the Re-Insurer that has excess liability coverage, a.k.a. Back End of 1.5m,(one million five hundred thousand dollars) (See Exhibit 3, Pg 1)[[5]]
Point 5.  On June 13, 2007 MIRMA acknowledged that the Plaintiff had a legitimate Claim against the Insured, The City of Rolla MO. MIRMA then issued a formal Claim No. 59266. (See Exhibit 4, Pg1)[[6]]
Point 6.  On June 17, 2007 Plaintiff filed with MIRMA a formal demand for Claim Settlement as set forth in the Missouri State Department Of Insurance. (See Exhibit 5, Pgs 1, 2)[[7]]

*552 Point 7.  MIRMA or Genesis Insurance have not made any attempt to satisfy this legitimate Claim. They have instead filed frivolous pleadings to frustrate the Plaintiffs Civil Action which is directed at the City of Rolla and seeks to collect damages for which MIRMA and Genesis have already acknowledged they are responsible for.
Point 8.  MIRMA attempts to justify this action by claiming abstract policy language not allowed under the law.
These factual allegations are followed by four paragraphs of legal conclusions and abstract statements of law with case citations. The next and concluding paragraph of the petition states: "The Plaintiff has provided sufficient basis under the applicable laws for Declatory [sic] Judgement [sic]."
Respondents filed a motion to dismiss for failure to state a cause of action for which relief could be granted and a memorandum of law in support of that motion. In these filings, Respondents laid out their legal position with citations to relevant legal authority that: (1) Appellant lacked any legal standing to bring a declaratory judgment action related to the contractual rights between the City of Rolla and the Respondents because Appellant was not a party to those contracts; and (2) Appellant's action impermissibly sought "to file a direct action against insurance carriers without first having obtained a Judgment of liability against Rolla[.]"
Appellant then filed a "Memorandum of Support for Declatory [sic] Judgement [sic]." However, nothing in this filing addressed Appellant's standing to bring this action, his attempt to bring a direct action without first obtaining a judgment against the City of Rolla, or responding to the legal authority supporting these issues, as alleged and cited in Respondents' motion to dismiss and memorandum in support.
The trial court entered judgment dismissing Appellant's petition without prejudice, and this appeal timely followed. The initial tender of Appellant's brief in this court was rejected for filing because it failed to comply with court rules. The second brief submitted by Appellant was filed as presented. Before Respondents' brief was initially due to be filed, Respondents filed a motion for extension of time within which to file their brief. This court granted Respondents a twenty-day extension.
*553 Before the expiration of the extended period within which Respondents' brief was due to be filed, Respondents filed a "Motion to Strike Appellant's Brief and Dismiss Appeal" alleging that Appellant's brief was "significantly in noncompliance with Rule 84.04" and this "noncompliance has hindered Respondents' ability to prepare and file its Respondents' brief." Respondents specifically alleged in their motion that: (1) Appellant's brief violated Rule 84.04(a) because it did not contain a table of authorities and noted that "no cases are cited in appellant's entire brief"; (2) Appellant's brief violated Rule 84.04(a) because it did not contain a statement of facts as required; (3) Appellant's brief violated Rule 84.04(b) in that its jurisdictional statement was defective; (4) Appellant's brief violated Rule 84.04(d) in that the points relied on do not identify the trial court ruling or action that is being challenged as required by Rule 84.04(d)(1)(A), do not list any legal reasons why appellant claims the trial court committed reversible error as required by Rule 84.04(d)(1)(B), do not follow the format as required by Rule 84.04(d), and are not followed by a list of the cases or authority upon which Appellant principally relies for that point as required by Rule 84.04(d)(5); and (5) Appellant's brief violates Rule 84.04(e) because the argument portion of the brief does not follow the order of the points relied on portion, does not restate the point relied on immediately preceding the argument related to that point, and contains no legal argument or analysis in that it does not identify any specific reversible error allegedly committed by the trial court, does not contain any citations to the record on appeal and does not contain any citations to relevant legal authority. Following the listing of these specific deficiencies, Respondents then offered suggestions supported with citations to relevant legal authorities why compliance with Rule 84.04 is mandatory and how Appellant's failure to comply with that rule had hampered their ability to file a Respondent's brief.
Appellant's response to Respondents' motion to strike brief and dismiss appeal alleged that Respondents' attorney had violated Rule 4-3.3 in that he had sought an extension of time to file Respondents' brief, but instead had filed the motion to strike brief and dismiss the appeal in a "willful act to mislead the Court in an attempt to Gain [sic] advantage in the proceedings." Appellant failed to respond in any manner to any of the substantive issues related to the deficiencies in his brief as raised by the Respondents in their motion.
Simultaneously with the filing of their motion to strike brief and dismiss appeal, Respondents also filed a "Motion for Damages/Sanctions Pursuant to Rule 84.19" seeking damages of between $5,000 and $7,000 for Appellant's frivolous appeal due to Appellant's failure to cite any relevant legal authority supporting his standing to bring this action or any legal theory supporting a direct action against an insurer in the absence of a judgment against the insured. Appellant filed no response to this motion. This motion and the Respondents' motion to strike brief and dismiss appeal were ordered to be taken with the case. Respondents' brief was filed a few days later.
Appellant filed a reply brief but failed to address any of the issues raised by Respondents in their motion to strike brief and dismiss appeal and their motion for sanctions.

Appellant's Self Representation
Appellant appeals pro se. While pro se appellants have the right to appear without counsel, and we acknowledge the difficulties appellants encounter in proceeding *554 pro se, "the same rules that apply to a party represented by an attorney are also applicable to a pro se litigant." Bishop v. Metro Restoration Servs., Inc., 209 S.W.3d 43, 45-46 (Mo.App.2006). Appellant acknowledges his understanding of this concept in his petition wherein he states that: "he is entitled to all the empowerment and protections of the Court as though he were a Bar Attorney." The only "empowerment" a litigant has in court, whether an attorney or not, is that granted by the rules. Likewise, the only "protections" a litigant has in court, whether an attorney or not, are those provided by the rules. If we did not fairly and impartially apply the rules to all litigants, regardless of their status as an unrepresented party, represented party or attorney, we would be abdicating the rule of law. See id.

Appellant's Brief is Deficient
"The function of an appellant's brief is to explain to the court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail." Hoer v. Small, 1 S.W.3d 569, 571 (Mo.App.1999). Rule 84.04 sets forth the requirements for an appellant's brief. "There is both sound policy and purpose for Rule 84.04." Amparan v. Martinez, 862 S.W.2d 497, 499 (Mo.App. 1993). Compliance is required "in order that appellant may give notice to the party opponent of the precise matters which must be contended with and answered." Id. "An appellant's brief which is so deficient as to require respondent to guess at the nature and scope of claimed errors in an effort to respond creates difficulty for the respondent[,]" as well as for the appellate court. Id. Further, failure "to comply with procedural rules also creates the possibility that the appellate court, in an effort to fairly review the trial, would become an advocate by speculating on the facts and arguments which have not been made." Id. We will not assume that role. Failure to comply with the briefing requirements under Rule 84.04 preserves nothing for appellate review. Bishop, 209 S.W.3d at 46. Here, Appellant's brief fails to comply with Rule 84.04 in almost every respect.

No Table of Authorities
Rule 84.04(a)(1) requires a table of contents which includes a table of cases, statutes, and other authorities upon which Appellant relied for support, with references to pages in the brief where such authorities are cited. Although Appellant did not cite to any cases, the statutes cited in his brief are not indexed in the manner provided by Rule 84.01(a)(1).

Jurisdictional Statement is Defective
Rule 84.04(a)(2) provides that Appellant include a concise statement of the grounds on which jurisdiction is invoked, and Rule 84.04(b) provides further guidance as to what a jurisdictional statement should contain. Appellant's jurisdictional statement simply states: "A Final Order of Dismissal was entered by the 25th Judicial Circuit in this matter. The Southern District is the proper jurisdiction for this matter to be heard for Appeal of the legal issues. (See Appendix A2)" Page A2 of Appellant's appendix is a copy of the judgment from which he appeals. Absent "sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated[,]" Appellant's jurisdictional statement fails to establish this court's jurisdiction, as contemplated by Rule 84.04(b). "A deficient jurisdictional statement merits dismissing an appeal." Anderson v. American Family Mut. Ins. Co., 173 S.W.3d 356, 357 (Mo.App.2005).

*555 No Statement of Facts

Rule 84.04(a) further provides that an appellant's brief must contain a statement of facts. This statement of facts "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Appellant does not specifically designate any section contained in his brief as a statement of facts. The few facts Appellant has provided throughout his brief in no way meet the criteria set forth under Rule 84.04(c), are not supported by citation to the record on appeal as required by Rule 84.04(i), and these failures substantially hinder our review of this appeal. Appellant's failure to set forth relevant facts is to such an extent that, even following a careful scrutiny of Appellant's entire brief, we are unable to glean sufficient information to provide a statement of facts for this opinion.
It is Appellant's "duty to define the scope of the controversy" by providing a statement of facts. Carroll v. AAA Bail Bonds, 6 S.W.3d 215, 217 (Mo.App.1999). "The purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." Haynes Family Corp. v. Dean Properties, Inc., 923 S.W.2d 465, 466 (Mo. App.1996). In order that we may adjudicate an appeal "without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely." Riley v. Hartman, 981 S.W.2d 159, 160 (Mo.App.1998). This court "cannot dispose of the point on the merits if we are not even notified, in the statement of facts, of the factual basis upon which [appellant] alleges the trial court erred." Desai Corp. v. Colony Ins. Co., 30 S.W.3d 223, 224 (Mo.App.2000). "The failure of an appellant to provide a fair and concise statement of facts is a sufficient basis upon which to dismiss an appeal." Lemay v. Hardin, 108 S.W.3d 705, 709 (Mo.App. 2003).

Points Relied On are Defective
Although Appellant has included a section entitled "POINTS RELIED ON, RULES AND CASES APPLICABLE," it does not meet the criteria set forth under Rule 84.04(d). Under a section designated as points relied on, Appellant has provided the following, which we set forth, verbatim:
POINTS RELIED ON, RULES AND CASES APPLICABLE
NOTICE TO JUDICIARY
ALL REFERENCES HEREAFTER TO MISSOURI
INTERGOVERNMENTAL RISK MANAGEMENT ASSOCIATION
SHALL BE MADE AS "MIRMA".
1. MIRMA is authorized to provide insurance in the State of MO Under MO 537.620  [citation to appendix omitted]
2. MO 537.620 mandates that all operations are under the direction of the Missouri Insurance Commission/Commissioner, MO 379.930 thru Mo 379.948
3. MIRMA is the Insurer for the City of Rolla MO
4. On June 13, 2007 MIRMA acknowledged that the Appellant had a legitimate Claim and issued Claim NO. 59266 [Citation to appendix omitted.]
5. On June 18, 2007, Appellant filed a Formal Demand for Claim Settlement as set forth by the MO Insurance Regulations [Citation to appendix omitted.]
6. MIRMA ignored the Demand and Rules and instead engaged in vexatious conduct prohibited by statute. This conduct was intended to frustrate processing *556 of the Claim already acknowledged by MIRMA.
7. MIRMA has contract language regarding non-existent "Eminent Domain" that they seek to use to negate the MO Statutes regarding their required operation. [Citation to appendix omitted.]
8. MIRMA has been cited within the MO Insurance Commission Audits for Rules violations, including previous abatement rulings. [Citations to appendix omitted; one page cited in appendix, A21, is illegible.]
9. MIRMA has engaged in repeated acts of Claims Avoidance by using assertions that they are not an Insurance Company and are not required to function as one. (See WD64180  MIRMA  David Bub, Attorney). Western District Appeals Court
10. The Appellant filed a Civil Suit For Declaratory Judgement in an attempt to validate the status of MIRMA as regards the legitimate Claim that had been recognized by the insurer.
11. MIRMA filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. The Circuit Court failed to act on the Appellants Civil Suit For Declaratory Judgement and instead granted MIRMAS' Motion To Dismiss
12. The Appellant believes that the Circuit Court has erred in this ruling and that is the matter brought forth in this Appeal. The Appellant brings before the Southern District Appeals Court two specific legal issues as why this dismissal was incorrect.
Rule 84.04(d) sets forth the requirements for points relied on. "`The requirements of Rule 84.04(d) are mandatory and must be strictly applied.'" Brown v. Ameristar Casino Kansas City, Inc., 211 S.W.3d 145, 147 (Mo.App.2007) (quoting Martin v. Circuit Court of the City of St. Louis, 580 S.W.2d 307, 308 (Mo.App.1978)). Adherence to the rule serves to notify the opposing party of the precise matters under contention and inform the court of the issues presented for review. Bishop, 209 S.W.3d at 46. "The three components of a point relied on are (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable." Amparan, 862 S.W.2d at 499. A point relied on which cannot be comprehended without referring to other portions of the brief preserves nothing for review. Lemay, 108 S.W.3d at 709.
Appellant's points one through ten completely fail to include any of the three required parts. Rule 84.04(d)(1); Amparan, 862 S.W.2d at 499. Reading points eleven and twelve together, Appellant is challenging the trial court judgment dismissing his petition, which satisfies the first requirement for a proper point. Rule 84.04(d)(1)(A). However, nothing in these two points identifies the legal reasons for this claim of error, as required by Rule 84.04(d)(1)(B), or "why, in the context of the case, those legal reasons support the claim of reversible error[,]" as required by Rule 84.04(d)(1)(C).
Further, "[u]nder Rule 84.04(d), it is an appellant's obligation to cite appropriate and available precedent if he expects to prevail." Shiyr v. Pinckney, 896 S.W.2d 69, 71 (Mo.App.1995). "If no authority is available, an explanation should be made for the absence of citations." Id. Where relevant authority is neither cited nor is there any explanation as to why authority is not available, "the appellate court may be justified in considering the points abandoned and dismiss the appeal." Id. Rule 84.04(d)(5) requires *557 the inclusion of "a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies[ ]" immediately following each point relied on. Appellant's brief contains no such list of authorities.

Argument is Deficient
The argument portion of Appellant's brief fails to comply with Rule 84.04(e), and preserves nothing for review. Under the rule, an argument must explain why, in the context of the case, the law supports the claim of reversible error. Appellant's argument should demonstrate "how principles of law and the facts of the case interact." Snyder v. Snyder, 142 S.W.3d 780, 783 (Mo.App.2004). There is no attempt by Appellant to demonstrate this interaction. Further, the argument must discuss the point relied on, which is to be "restated at the beginning of the section of the argument discussing the point." Rule 84.04(e). A review of the "points relied on" with the "argument" Appellant provided is of no aid in comprehending the claims Appellant attempts to raise. Also, appropriate and available precedent must be cited if Appellant expects to prevail. Salmons v. Rich, 206 S.W.3d 353, 355 (Mo.App.2006). We find no such precedent cited here. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." Houston v. Weisman, 197 S.W.3d 204, 206 (Mo.App.2006).

Appeal is Dismissed
This court is under no obligation to review briefs which do not conform to the rules of procedure. Jones v. Wolff, 887 S.W.2d 806, 808 (Mo.App.1994). Rule 84.13 provides that allegations of error not properly briefed "shall not be considered in any civil appeal." "Where, as here, the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review." Lemay, 108 S.W.3d at 709. Accordingly, the appeal is dismissed.[8]

The Appeal is Frivolous
Respondents, in a motion taken with the case, have requested an award of damages as a sanction against Appellant for prosecuting a frivolous appeal, pursuant to Rule 84.19. Rule 84.19 states: "If an appellate court shall determine that an appeal is frivolous[,] it may award damages to the respondent as the court shall deem just and proper." "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." Dennis v. H & K Machine Serv. Co., 186 S.W.3d 484, 487 (Mo.App. 2006). "This court awards damages under Rule 84.19 with great caution and then only where such damages will serve `(1) to prevent congestion of the appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals.'" Stiens v. Stiens, 231 S.W.3d 195, 200 (Mo.App.2007) (quoting Johnson v. Aldi, Inc., 971 S.W.2d 911, 912 (Mo.App.1998)).
*558 Respondent's motion to dismiss Appellant's petition for failure to state a cause of action filed in the trial court:
assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.
State ex rel. Union Elec. Co. v. Dolan, 256 S.W.3d 77, 82 (Mo. banc 2008), (quoting Reynolds v. Diamond Foods & Poultry, Inc., 79 S.W.3d 907, 909 (Mo. banc 2002)).
Appellant's petition sought a declaratory judgment against Respondents arising out of an incident that, according to the petition, was the subject of Appellant's "Civil Action which is directed at the City of Rolla." Appellant further alleged in his petition that "MIRMA" insures the City of Rolla, providing liability coverage, and Genesis Insurance Company is the "Re-Insurer of MIRMA and provides ... excess liability coverage." At some point, which is unclear from the record here, Appellant filed with MIRMA some documentation about the City of Rolla incident. Through e-mail correspondence, MIRMA acknowledged receipt of these materials sent by Appellant and advised him that a claim number had been assigned. Subsequently, Appellant made a "formal demand for Claim Settlement as set forth in the Missouri State Department of Insurance." Appellant then filed this direct action against Respondents for declaratory judgment. Although the petition does not contain a prayer for any specific relief other than for declaratory judgment, we assume that because Appellant brought this action pursuant to Chapter 527, as alleged in his petition, he is seeking a declaration of the "rights, status, and other legal relations" as between him and the Respondents. See sections 527.010 and 527.020.
According to the allegations in Appellant's petition, MIRMA has a contractual relationship with Rolla as its liability insurer, and Genesis has a contractual relationship with MIRMA as its reinsurer. The only standing Appellant has to obtain a declaration of his rights, status, and legal relationship under these contracts is if he is a party to the contracts or he is a third party beneficiary to the contracts. Farmers Ins. Co., Inc. v. Miller, 926 S.W.2d 104, 107 (Mo.App. E.D.1996), (citing American Economy Ins. Co. v. Ledbetter, 903 S.W.2d 272, 275-76 (Mo.App.1995)). Being neither, Appellant has no standing to maintain a direct action for declaratory judgment against Respondents. Id. The only exception to this rule is where the liability of the insured to pay an injured party has been established by judgment or written agreement among the injured party, the insured and the insurer, in which case a declaratory judgment action in the nature of an equitable garnishment action may be maintained. Barron v. Shelter Mut. Ins. Co., 220 S.W.3d 746, 747 (Mo. banc 2007). This exception does not apply in this case because Appellant did not allege in his petition that he had a judgment against the insured City of Rolla or that he had a written agreement with the insured and the Respondents establishing the insured's liability. As to the latter, even liberally granting Appellant all reasonable inferences from the allegations in the petition, the e-mail from MIRMA informing Appellant that it had assigned a claim number to his complaint is not a written agreement establishing the insured's liability to Appellant. See id.
Appellant's standing to maintain this action was specifically and clearly challenged *559 by Respondent's motion to dismiss filed just thirty-three days after the petition was filed, yet Appellant chose not to address this issue by written suggestions to the trial court or by amendment or dismissal of his petition. The trial court confirmed the validity of this impediment when it sustained the Respondents' motion and dismissed Appellant's petition without prejudice. At that point, Appellant, without penalty, had the option to wait until he gained the appropriate standing by obtaining a judgment against the insured or a written agreement with the insured and the insurers establishing liability. At that time, he could then re-file his petition with additional appropriate allegations indicating such facts.
However, Appellant chose to file this appeal challenging the trial court's dismissal of his petition, which he had the right to do. Having taken this action, Appellant in his brief had the opportunity to explain to this court with citation to relevant legal authority why he had standing to bring this action in spite of the legal authority cited by Respondents in their motion to dismiss and relied upon by the trial court in dismissing the petition. In spite of all the deficiencies in Appellant's brief as noted above, we have searched it thoroughly and found it completely void of any legal authority or argument related to this issue.
When Respondents filed their motion to strike Appellant's brief and dismiss the appeal, Appellant had an opportunity to respond to the deficiencies in his brief which were noted and set forth with particularity and with appropriate citation to relevant legal authority by Respondents in their motion. Instead, the Appellant ignored those glaring deficiencies and used his efforts instead to falsely accuse opposing counsel of misleading the court.
In Respondents' motion for sanctions, Respondents allege that Appellant has "ignored Missouri's longstanding and unwavering principle that an alleged injured third party cannot file suit against an insurer of the alleged tortfeasor prior to becoming a judgment creditor." Furthermore, Respondents allege that Appellant has also ignored another well-established Missouri law; that absent his status as a judgment debtor, and lacking privity in that he is a stranger to the contract between the City of Rolla and MIRMA and the contract between MIRMA and Genesis, Appellant "lacks standing to bring the declaratory judgment action against MIRMA and Genesis as a matter of law." Respondents cite to St. Charles County v. Wegman, 90 S.W.3d 142, 145 (Mo.App. 2002), contending: "In determining whether an appeal is frivolous, this Court will consider whether the points raised by an appellant [concern] a well-settled area of law and whether the appellant points to any persuasive support in existing law or makes a good faith argument for the extension, modification, or reversal of existing law, or for the establishment of new law." Respondents contend that "Appellant cannot make a persuasive or good faith argument that he can state a claim against MIRMA and Genesis prior to obtaining a judgment against the City of Rolla[,] [a]nd there is no persuasive or good faith argument by [Appellant] that the settled law in Missouri should be modified or extended." Appellant did not respond to any of these allegations.
"The Rule 84.19 remedy of damages for frivolous appeal is drastic and should be used only when issues and questions are presented in bad faith or are not fairly debatable." Shiyr, 896 S.W.2d at 71. Failure to comply with Rule 84.04, by itself, does not render an appeal frivolous. Lemay, 108 S.W.3d at 710. There is no *560 "hard and fast rule" to guide us in determining what constitutes a frivolous appeal, and "the issue must be considered on a case-by-case basis[.]" Capital One Bank v. Hardin, 178 S.W.3d 565, 577 (Mo.App. 2005). Authority to assess damages for frivolous appeal rests within the sound discretion of the appellate court. Kraft, Inc. v. Mo. Farmer's Ass'n, Inc., 816 S.W.2d 278, 282 (Mo.App.1991).
Where, as here, Respondents, from the earliest possible date in the litigation and at every seasonable opportunity thereafter, set forth the applicable law that precluded Appellant's action with appropriate citation to relevant authority, and Appellant repeatedly failed to distinguish that authority or assert any contrary legal authority or position, we can only conclude that the issue is not fairly debatable. Shiyr, 896 S.W.2d at 71. Moreover, such willful blindness by Appellant combined with the continued prosecution of the action through an appeal in which Appellant did not even attempt to address this substantive issue, even ignoring the procedural deficiencies in Appellant's brief, supports an inference that Appellant's actions are in bad faith. Id. As such, we find this appeal is frivolous, as it "presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." Dennis, 186 S.W.3d at 487. See also Stiens, 231 S.W.3d at 200; Snyder v. Schechter, 245 S.W.3d 830, 833 (Mo.App.2007); In re Marriage of Weinshenker, 177 S.W.3d 859, 864 (Mo.App.2005); Fields v. R.S.C.D.B., Inc., 865 S.W.2d 877, 879 (Mo.App.1993); Snelling v. Chrysler Motors Corp., 859 S.W.2d 755, 757 (Mo. App.1993).
Appellant's repeated refusals to listen to Respondents' argument and to consider and evaluate the supporting legal authority cited by Respondents and relied upon by the trial court in dismissing his petition not only led Appellant into filing a frivolous appeal, but inflicted real and identifiable damage upon Respondents. Respondents allege in their motion that they have incurred expenses and fees defending the appeal and request damages in the amount of $5,000 to $7,000. Given that Respondents were required to file a brief in this appeal, in addition to the motion to strike brief and dismiss appeal, we find this estimate appropriate and reasonable. Pursuant to Rule 84.19, we determine that Appellant should pay Respondents $5,000.00 as damages for this frivolous appeal.

Decision
Respondents' motion to dismiss appeal is sustained, the appeal is dismissed, Respondents' motion for damages for frivolous appeal is sustained, and Appellant is ordered to pay Respondents $5,000 as such damages.
BARNEY, P.J., and BURRELL, J., concur.
NOTES
[1] References to rules are to Missouri Court Rules (2008), unless otherwise indicated.
[2] References to statutes are to RSMo 2000, unless otherwise indicated.
[3] Exhibit 1 is a copy of a "Report of Financial Examination [for MIRMA] as of June 30, 2006" by the Department of Insurance of the State of Missouri. This report recites at page 7 that:

[MIRMA] was formed as a self-insurance pool to cover workers compensation and property and casualty claims for its members. [MIRMA] provides multi-line coverage... to municipalities and municipally owned utilities throughout Missouri. MIRMA was formed under the provisions of Chapter 287 RSMo (Workers' Compensation) and Chapter 537 RSMo (Risk Management for Public Entities) and was incorporated July 1, 1981.
[4] Exhibit 2 is a copy of the "[MIRMA] Protected Self Insurance Coverage Outline July 1, 2006  June 30, 2007." Part III Section III.A of this document on page 11 of this exhibit provides:

Subject to the limitations, terms and conditions of the excess insurance policies on file in the MIRMA office, MIRMA agrees to pay on behalf of the Member all sums which the Member shall be legally obligated to pay by reason of liability imposed upon the Member by law or assumed by the Member under contract or agreement, including errors, omissions, misfeasance, malfeasance or non-feasance, for damages direct or consequential, and expenses as defined by the term "Ultimate Net Loss," on account of bodily injury or personal injury, including death at any time resulting therefrom, suffered or alleged to have been suffered by any person, and damage to or destruction of property of others or the loss of use thereof, arising out of any Occurrence happening during the Member's period of Membership.
This document, at page 30 of the exhibit, provides for a liability limit of "$1,000.000 per occurrence" and a $25,000 deductible for the specifically mentioned member "Rolla."
[5] Exhibit 3 is a letter dated July 10, 2007 from Genesis Underwriting Management Company by Richard A. Spiers, Second Vice President, to Appellant wherein Mr. Spiers stated, among other things, that: "Genesis Insurance Company does provide excess liability coverage to MIRMA above a substantial self insured retention."
[6] Exhibit 4 is a copy of an e-mail from Appellant to Ray Lentz wherein Appellant stated: "Mr. Lentz. This is merely a confirmation of materials faxed to you on this date." This exhibit also contains a copy of Mr. Lentz' reply on June 13, 2007, to Appellant's e-mail, stating:

Mr. Carden, I received the latest information that you sent. For your reference, the claim number for your file is 59266. Also, please note that MIRMA's claims are administered by our in-house third-party administrator, Nova Pro Risk Solutions. The adjuster assigned to this claim is Jeff Scheppers. If you would kindly direct future correspondence to his attention. Thank you.
[7] Exhibit 5 is a copy of a document entitled "DEMAND FOR SETTLEMENT," dated June 18, 2007, signed by Appellant, directed to Mr. Ray Lentz at MIRMA and with a reference to: "Claim/File No. 59266 Carden V/S The City of Rolla  Case No. 07PH-CV-00712." The body of this document reads, verbatim, as follows:

Dear Mr. Lentz;
This letter is to serve as my formal notice of Demand For Settlement. The following facts are Proximate to this Claim.
* On May 17, 2007 Ms. Steffanie Rogers, Finance Director notified MIRMA of a Pending Claim regarding Richard A. Carden that had been filed on May 16, 2007.
* From the Notice of Claim until June 13, 2007, almost one month, MIRMA took no actions that are required under the applicable laws.
* After being pressed by the Plaintiff, Richard A. Carden, MIRMA began a series of evasive responses. Which were finalized by a Hand Off to a Contractor who then wrote an offensive letter to Richard A. Carden.
This letter is the Formal Demand of Settlement with the Plaintiff who serves Pro Se in this matter. The Plaintiff places On The Record and For The Record that the actions and lack of response by MIRMA has been non-compliant with the Statutes of Missouri as well as the requirements of the Missouri Commission Of Insurance Regulation.
This letter will further advise you that on the June 21, 2007 the time period allowed for a response to the Plaintiffs Court Case will be in default. At that time the Plaintiff will file for a Judgement By Default. I would also take this opportunity to advise MIRMA that I am not required to accept a handoff to an ill advised unprofessional contractor no matter what self appointed title they may hold.
My claim under the laws of this state are against The City of Rolla/MIRMA. That is who I will address and deal with until there is an acceptable change under the law.
Any internal issues that are not related to me will out of necessity will be handled by MIRMA not me.
[8] In light of the dismissal of the appeal, Respondents' motion to strike Appellant's brief is denied.