Richard A. CARDEN, Appellant,

v.

The CITY OF ROLLA, Missouri, The
City of Rolla Police Department,
Respondents.

No. SD 29534.

Missouri Court of Appeals,
Southern District,
Division One.

May 19, 2009.

Motion for Rehearing or Transfer Denied
May 27, 2009.

Richard A. Carden, Rolla, pro se.

Robert J. Krehbiel, King, Krehbiel, Hellmich & Borbonus, LLC, St. Louis, for Respondent.

Before SCOTT, P.J., BARNEY, J., and BATES, J.

PER CURIAM.

Richard A. Carden ("Appellant") appeals, *pro se*, from the "Judgment" of the trial court which dismissed his petition for malicious prosecution filed against The City of Rolla, Missouri, and The City of Rolla Police Department ("Respondents"). Respondents have filed a motion to dismiss the appeal asserting that Appellant's brief violates the provisions of Rule 84.04.[1] Respondents' motion was taken with the case. As explained below, Respondents' motion has merit.

At the outset we note Appellant appears before this Court *pro se.* "Nevertheless, he is bound by the same rules of procedure as a party represented by a licensed attorney." *Perkel v. Stringfellow,* 19 S.W.3d 141, 145 (Mo.App.2000). " '*Pro se* parties ... are not entitled to indulgences they would not have received if represented by counsel.' " *Bieri v. Gower,* 157 S.W.3d 264, 266 (Mo.App.2005) (quoting *Belisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo.App.1998)). " 'While this [C]ourt recognizes the problems faced by *pro se* litigants, we cannot relax our standards for non-lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.' " *Perkel,* 19 S.W.3d at 145 (quoting *Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App.1999)) (internal citation omitted).

With that being said, the brief filed by Appellant in the present matter violates most of the provisions of Rule 84.04. " 'Whether civil or criminal, all briefs filed in an appellate court must comply with Rule 84.04.' " *Bieri,* 157 S.W.3d at 267 (quoting *State v. Hackler,* 122 S.W.3d 132, 133 (Mo.App.2003)).

---

1. All rule references are to Missouri Court Rules (2008).

■ First, Appellant's jurisdictional statement fails to comply with Rule 84.04(b). Rule 84.04(b) states:

> [b]are recitals that jurisdiction is invoked 'on the ground that the construction of the Constitution of the United States or of this state is involved' or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated. For example: 'The action is one involving the question of whether the respondent's machinery and equipment used in its operations in removing rock from the ground are exempt from the state sales tax law as being machinery and equipment falling within the exemption provided by Section 144.030.3(4), and hence involves the construction of a revenue law of this state.'

The jurisdictional statement in the present matter states verbatim:

> [a] Final Judgement dismissed 08PH–CV01000 on December 12, 2008. The Judgement was entered by the Hon. Sandra M. West. On December 5, 2008 a proper Notice Of Appeal was filed with the Circuit Clerk of Phelps County of the 25th Circuit. (See Appendix Page A1, A2) The Southern District Appeals Court Is the established Jurisdiction for this Appeal. Having met all the Administrative requirements the Appellant now properly petitions this Court for hearing of his appeal.

Appellant's jurisdictional statement is deficient in that it fails to cite constitutional or statutory provisions pertinent to the appeal and it "merely concludes that jurisdiction is proper, violating Rule 84.04(b)'s prohibition against conclusory statements."

*Anderson v. Am. Family Mut. Ins. Co.,* 173 S.W.3d 356, 358 (Mo.App.2005).

■ Second, Appellant's brief does not contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "This requirement serves to define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case." *Perkel,* 19 S.W.3d at 146.

■ Here, Appellant's brief contains a two and a half page portion containing sections labeled "INTRODUCTION," "FACTS ALLEGED IN APPELLANT ORIGINAL PETITION," and "PROCEEDINGS" which appear to be his attempt at a Statement of Facts section; however, these pages contain inappropriate argument, make little sense, and almost exclusively set out the procedural history of the case with little genuine factual context. " 'A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient.' " *Id.* (quoting *Angle v. Grant,* 997 S.W.2d 133, 134 (Mo.App.1999)).

Third, Appellant's points relied on do not comply with Rule 84.04(d)(1) which sets out:

> [w]here the appellate court reviews the decision of a trial court, each point shall:
>
> (A) identify the *trial court ruling or action* that the appellant challenges;
>
> (B) state concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: 'The trial court erred in

[identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error].'

■ Appellant's brief contains a section entitled "POINTS RELIED ON–LEGAL ARGUMENTS" which states verbatim:

I. The trial Court erred in dismissing the Appellants Petition. The trial Court took the Missouri Supreme Court findings As set forth in SC88612–Hand Down Date June 10, 2008 out Of 'Legal Context' and offered a "Narrowly Construed' Opinion of what MO Supreme Court said and intended.

II. The trial Court erred in dismissing the Appellants Petition By ignoring the properly filed Motion for Continuance with Affidavit as set forth under Rule 74.04(2)(See Appendix A25–A28).

Appellant's points relied on do not comply with Rule 84.04(d)(1) in any discernable way. Further, there is no case or statutory law provided in the entirety of the brief. *See* Rule 84.04(d)(5). "The purpose of the briefing requirements regarding points relied on is to give 'notice to the party opponent of the precise matters which must be contended with and answered' and 'to inform the court of the issues presented for resolution.'" *Perkel*, 19 S.W.3d at 147 (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). "The requirement that the point relied on clearly state the contentions on appeal is not simply a judicial word game or a matter of hyper-technicality on the part of the appellate courts." *Thummel*, 570 S.W.2d at 686. Points on appeal that fail to comply with Rule 84.04(d) present nothing for review." *Murphy v. Shur*, 6 S.W.3d 207, 209 (Mo.

App.1999); *see also Perkel*, 19 S.W.3d at 146–47.

■ Fourth, Appellant's brief does not contain an argument section. Rule 84.04(e) states in pertinent part:

[t]he argument shall substantially follow the order of 'Points Relied On.' The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the 'Points Relied On.' The argument shall also include a concise statement of the applicable standard of review for each claim of error.

Instead of an argument section, Appellant's brief contains a section entitled "CONCLUSION" which sets out verbatim:

The Circuit Court has exceeded its discretionary authority in two separate matters in this Case. They are:

1: The removal from 'Legal Context' of the Missouri Supreme Court Ruling in SC88612, Hand Down Date June 10, 2008. The Supreme Court clearly defined when and how a Tort Claim can proceed Against a Municipality or City in matters of Tortious Conduct. The Appellant has met and exceeded those requirements as set forth Within the MO Supreme Courts directive of SC88612.

2: The Circuit Court exceeded its authority when it granted Summary Judgement without consideration to the Motion for Continuance With Affidavit that had been filed. The Court simply ignored the Motion by the Plaintiff. . . .

This portion of Appellant's brief does not contain any cognizable argument and fails to "explain why, in the context of the case, the law supports the claim of reversible error." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo.App.2007). Further, there is no stated standard of review as required by Rule 84.04(e) and there are no

citations to authority nor explanations for the lack of citations. *See Angle,* 997 S.W.2d at 134 (holding that "[u]nder Rule 84.04, an appeal is deficient if an appellant fails to cite authority for a point or fails to specify which citations are unavailable").

Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, 'the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.'

*Perkel,* 19 S.W.3d at 147 (quoting *Thummel,* 570 S.W.2d at 686). " 'Courts should not be asked to assume such a role.' " *Id.* (quoting *Thummel,* 570 S.W.2d at 686). "Allegations of error not properly briefed 'shall not be considered in any civil appeal....' " *Murphy,* 6 S.W.3d at 209 (quoting Rule 84.13(a)). "Under the foregoing circumstances we are not obliged to review Appellant's brief and we decline to do so." *Id.* at 210. We sustain Respondents' motion to dismiss taken with the case and dismiss the appeal on the basis of Appellant's failure to comply with Rule 84.04.[2] Appeal dismissed.

---

**2.** In their motion to dismiss Respondents requested damages for Appellant's frivolous appeal. We deny that request.