

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| RICHARD A. CARDEN and ROSALIE P. CARDEN, | ) ) ) |
| Appellants, | ) ) |
| vs. | ) No. SD33868 ) |
| CSM FORECLOSURE TRUSTEE CORP, et al., | ) FILED: November 16, 2015 ) |
| Respondent. | ) |

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Judge

## APPEAL DISMISSED

This marks our third dismissal of a Carden *pro se* appeal for briefing violations. In ***Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n [MIRMA]***, 258 S.W.3d 547, 554-57 (Mo.App. 2008), we described at length Rule 84.04 requirements, why appellants needed to comply with them, various ways the Carden brief fell short, and why this impeded appellate review. We did likewise in ***Carden v. City of Rolla***, 290 S.W.3d 728, 729-32 (Mo.App. 2009).

Those admonitions have not borne fruit here, so it seems unprofitable to render another long list of failings. We note a few key ones instead:

- *Statement of facts:* It is argumentative and lacks specific page references to the record, in both respects violating Rule 84.04(c). Even if we could overlook the former, we could not the latter. "If the court were to take the time on its own initiative to comb the record for support of factual assertions in a brief, we would, in effect, become an advocate for the non-complying party." ***Woods v. Friendly Ford, Inc.***, 248 S.W.3d 699, 713 (Mo.App. 2008).

- *Argument section:* There is none, despite Rule 84.04(a)(5) & (e) and even though we cited the same deficiency in ***Carden v. City of Rolla***, 290 S.W.3d at 731 ("Appellant's brief does not contain an argument section," then quoting Rule 84.04(e)). To treat the points relied on also as argument (a request the Cardens have not made) also would fail because neither Rule 84.04(a), (d), or (e) so authorizes and because, once again, there are no specific page references as Rule 84.04(e) requires.

- *Points relied on:* None complies with Rule 84.04(d) in form or substance. Again, this even though we noted similar violations and addressed them at length in both ***Carden v. MIRMA***, 258 S.W.3d at 555-56, and ***Carden v. City of Rolla,*** 290 S.W.3d at 730-31.

"Rule 84.13 provides that allegations of error not properly briefed 'shall not be considered in any civil appeal.'" ***Carden v. MIRMA***, 258 S.W.3d at 557. "Failure to comply with the briefing requirements under Rule 84.04 preserves nothing for appellate review." ***Id***. at 554. "If we did not fairly and impartially apply the rules to all litigants, regardless of their status as an unrepresented party, represented party or attorney, we would be abdicating the rule of law." ***Id***.

Like the respondents in our prior Carden dismissals, CSM has moved to dismiss this appeal for briefing violations. As in those prior cases, we now grant that motion and dismiss this appeal.

DANIEL E. SCOTT, P. J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

GARY W. LYNCH, J. – CONCURS