WILLIAM W. FRANCIS, JR., J.
Richard Alan Carden and Rosalie P. Carden ("the Cardens"), pro se appellants, appeal the judgment of the trial court, in which the trial court sustained Regions Bank, Inc.'s ("Regions") "Motion to Dismiss." Regions filed with this Court a "Motion to Strike Appellant's Brief and/or Dismiss Appeal," for the Cardens' failure to comply with Rule 84.04.[1] That motion is sustained and we dismiss the appeal.
This Court has previously dismissed two separate appeals from Richard A. Carden,[2] and one joint appeal from Richard A. Carden and Rosalie P. Carden,[3] for Rule 84.04 briefing violations. The same deficiencies now appear in the Cardens' brief before us.
We note the most grievous of the Cardens' Rule 84.04 violations:
• Statement of Facts : Rule 84.04(c) requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statements of fact shall have specific page references to the relevant portion of the record on appeal[.]" In the Cardens' "statement of facts," argument-which is prohibited-is rife; specific references to the record in support of each fact-which are mandated-are absent. See , Carden v. CSM Foreclosure Trustee Corp. , 479 S.W.3d 164, 165 (Mo. App. S.D. 2015).
• Points Relied On : Rule 84.04(d) requires that each point relied on "be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action ], because [state the legal reasons for the claim of reversible error ], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error ]." ' None of the Cardens' six points relied on, to the extent gratuity allows for such classification,[4] belie even a token effort *369 at compliance. "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." Scott v. King , 510 S.W.3d 887, 892 (Mo. App. E.D. 2017).
• Argument Section : Rule 84.04(e) prohibits the use of "[l]ong quotations from cases and long lists of citations" in argument sections. If the Cardens read this rule, they were apparently unpersuaded by it. In at least one instance, the "argument" following a "point" is comprised solely of a single quotation from authority. In other instances, the Cardens provide a short recitation of principles of law-without discussion of how such law interacts with the facts of the case, see , Kyle Estate v. 21st Mortgage Corporation , 515 S.W.3d 248, 254 (Mo. App. S.D. 2017) -and then voluminous strings of citation. Rule 84.04(e) further requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal[.]" The Cardens disregard this requirement wholesale: in no instance do the Cardens provide any citation to the record in support of facts in their argument section.
Notably, this Court did not summarily dismiss the Cardens' three prior non-compliant briefs without substantive comment, as it might have done. Rather, in each instance, this Court undertook to detail the rules violated, and the policy rationales underlying those rules, evincing how such briefs could have been brought into compliance (but were not), and why such compliance is necessary. The Cardens' instant brief does not reflect acquiescence to this Court's prior admonitions.[5]
While we sympathize with the burdens the Cardens face as pro se litigants, this must not, and does not transfigure into preferential treatment by this Court.
The rules of appellate practice ... are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause....[6 ] If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it-the very ones it should not injure.
Sullivan v. Holbrook , 211 Mo. 99, 109 S.W. 668, 670 (Mo. 1908).
Proverbial "equality before the law" depends on equal enforcement of our Missouri Court Rules, including our Rule *370 84.04. The burden imposed on pro se litigants, who are held to the same standard as counsel in complying with Rule 84.04, is the self-same guarantor of equal treatment for pro se litigants in our courts. See , Carden , 479 S.W.3d at 165.
If, by our oversight, Rule 84.04 is "[o]stensibly enforced, but not," Sullivan , 109 S.W. at 670, we do a disservice to all parties, whether pro se or represented by counsel. Regions moves that we dismiss the Cardens' appeal based on Rule 84.04 violations. For the reasons discussed in this opinion, that motion is granted. Appeal dismissed.
JEFFREY W. BATES, J.-Concurs
DANIEL E. SCOTT, J.-Concurs

All rule references are to Missouri Court Rules (2017).

See , Carden v. City of Rolla , 290 S.W.3d 728 (Mo. App. S.D. 2009) ; Carden v. Missouri Intergovernmental Risk Management Ass'n , 258 S.W.3d 547 (Mo. App. S.D. 2008).

See , Carden v. CSM Foreclosure Trustee Corp. , 479 S.W.3d 164 (Mo. App. S.D. 2015).

By way of example, on page 12 of the Cardens' brief, the page is headed with "POINT 6," followed with "REQUIREMENT BY RULE TO AMEND UPON A SUSTAINING A DISMISSAL." The remainder of this segmentation is comprised solely of a word for word recitation of Rule 67.06.

Even without such admonishments by this Court, the substance of Rule 84.04 takes up a mere four-and-a-half pages of Missouri Court Rules (2017). We must presume that a party submitting a brief fifteen pages in length, as the Cardens, can be expected to read and follow a rule comprising four-and-a-half pages-particularly when, at the cost of substantive disposition on appeal, the Cardens were directed to do so on three prior occasions by this Court.

This function imputes the interwoven aims of efficient use of judicial resources, notice to the opposing party for fairness and to encourage responsive briefing, and notice to the court of the matters at issue. See , Thummel v. King , 570 S.W.2d 679, 685-87 (Mo. banc 1978) ; Carden , 479 S.W.3d at 165 ; Carden , 290 S.W.3d at 731-32 ; Carden , 258 S.W.3d at 552-57.