

# Missouri Court of Appeals

## Southern District

### Division Two

RICHARD A. CARDEN and )
ROSALIE P. CARDEN, )
            )
           Appellants, )
            )
     vs. )     No. SD35626
            )
CSM FORECLOSURE TRUSTEE CORP., )     FILED: May 6, 2019
            )
           Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Judge

## APPEAL DISMISSED

(Before Francis, P.J., Bates, J., and Scott, J.)

PER CURIAM.  The Cardens appeal, *pro se*, the dismissal of their petition for damages.  Briefing violations have compelled us to dismiss four prior Carden *pro se* appeals.  ***Carden v. Regions Bank, Inc.***, 542 S.W.3d 367 (Mo.App. 2017); ***Carden v. CSM Foreclosure Trustee Corp.***, 479 S.W.3d 164 (Mo.App. 2015); ***Carden v. City of Rolla***, 290 S.W.3d 728 (Mo.App. 2009); ***Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n [MIRMA]***, 258 S.W.3d 547 (Mo.App. 2008).  Each opinion described well-established Rule 84.04 requirements, why compliance is necessary, how the Cardens' briefing was deficient, and why this impeded appellate review.

Those admonitions have gone unheeded.  The Cardens' brief is largely unintelligible, with only its jurisdictional statement arguably compliant.  For

example, all three points violate Rule 84.04(d) in form and substance. Points I and II have none of Rule 84.04(d)'s three required elements. Point III alleges that the trial court erred when it "took up" Respondent's motion to dismiss, followed by assertions of various legal theories and a block quotation from an opinion. Even if we generously construe that point to have met the first two required elements, the Cardens did not explain why, in the context of this case, the legal reasons they cited support their claim of reversible error. Rule 84.04(d)(1)(C). Similarly, the argument section violates Rule 84.04(e) and is woefully inadequate. Argument for all three points totals four sentences – two for Point I, one apiece for Points II and III, in each case reiterating the deficient point. A point not developed in the argument section is deemed abandoned. *Regions Bank v. Davis*, 521 S.W.3d 283, 286 n.4 (Mo.App. 2017).

We need not go on. "To address [the Cardens'] complaints on any merit they might have would impermissibly require this court to search the extensive record for the relevant facts, independently research the legal issues involved, then find and apply the relevant authority that would determine whether any reversible error occurred." *Tan-Tar-A Estates, L.L.C. v. Steiner*, 564 S.W.3d 351, 353 (Mo.App. 2018).

As we noted 11 years ago, "Rule 84.13 provides that allegations of error not properly briefed 'shall not be considered in any civil appeal.'" *Carden v. MIRMA*, 258 S.W.3d at 557. "Failure to comply with the briefing requirements under Rule 84.04 preserves nothing for appellate review." *Id*. at 554. "If we did not fairly and impartially apply the rules to all litigants, regardless of their status as an unrepresented party, represented party or attorney, we would be abdicating the rule of law." *Id*.

The Cardens' noncompliant brief preserves nothing for review. *Regions Bank,* 521 S.W.3d at 285. We grant Respondent's motion to dismiss and deny all other motions taken with the case. Appeal dismissed.