

# Missouri Court of Appeals

## Southern District

### Division One

RICHARD A. CARDEN and )
ROSALIE P. CARDEN, )
                               )
    Plaintiffs-Appellants, )
                               )
    vs. )          No. SD36172
                               )
HSBC MORTGAGE SERVICES, INC., )    **Filed: May 4, 2020**
f/k/a HOUSEHOLD FINANCE CORP., )
                               )
    Defendant-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Gael D. Wood, Senior Judge

*Before Lynch, P.J., Rahmeyer, J., and Francis, Jr., J.*

**APPEAL DISMISSED; JUDGMENT AFFIRMED**

PER CURIAM. Richard A. Carden and Rosalie P. Carden ("Appellants") appeal the judgment dismissing a Petition they filed against HSBC Mortgage Services, Inc., f/k/a Household Finance Corp. ("HSBC"). The Petition[1] was dismissed for failure to state a claim. The trial court also found that Appellants' petition was frivolous and sanctioned Appellants with the payment of $2,000 in attorneys' fees to HSBC. Further, the court

---

[1] The Petition was titled "Petition for Damages Fraudulent Unlawful Admitted Conduct with Trial by Jury Injury to the Person RSMO 516.120."

1

"ordered [Appellants] to not file any further lawsuits or motions relating to the allegations in their Petition relating to their prior loan with HSBC or foreclosure on their property."

Appellants have engaged in extensive litigation and appeals involving the foreclosure of their home.[2] Each of the appeals resulted in a dismissal by this Court for failure to comply with the rules of appellate procedure. This appeal suffers the same fate.

To begin with, Appellants' statement of facts fails to comply with Rule 84.04(c).[3] Appellants' statement of facts gives a procedural history of the actions of the Missouri Attorney General against HSBC. There is no fact that ties that action of the Attorney General to Appellants. Appellants do not state the substance of their current Petition. We are left to wonder what this action is about from the statement of facts. Although Appellants note that the trial court dismissed the Petition because the action had been heard by other courts, Appellants in no way stated what the substance of this Petition is, nor how it is different from any of the previous actions.

If we then look to the points relied on, we are further confused. Appellants' first point follows none of the dictates of Rule 84.04(d). It does not follow the format of Rule 84.04(d) by identifying the trial court ruling or action challenged. If we surmise that it is granting the motion to dismiss, we still are not informed of the legal reason that the trial court erred. We can guess what the grounds are by reviewing the motion to dismiss, but

---

[2] Briefing violations have compelled us to dismiss five prior *pro se* appeals by Appellants: ***Carden v. CSM Foreclosure Trustee Corp.***, 575 S.W.3d 297 (Mo.App. S.D. 2019); ***Carden v. Regions Bank, Inc.***, 542 S.W.3d 367 (Mo.App. S.D. 2017); ***Carden v. CSM Foreclosure Trustee Corp.***, 479 S.W.3d 164 (Mo.App. S.D. 2015); ***Carden v. City of Rolla***, 290 S.W.3d 728 (Mo.App. S.D. 2009); and ***Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n [MIRMA]***, 258 S.W.3d 547 (Mo.App. S.D. 2008). Each opinion described well-established Rule 84.04 requirements, why compliance is necessary, how Appellants' briefing was deficient, and why this impeded appellate review. All of the cases stem in some way from the foreclosure action on Appellants' home.

[3] All references to rules are to Missouri Court Rules (2020).

Appellants fail to inform us which legal ground is being challenged. Finally, Appellants fail to inform us in summary fashion why, in the context of this case, the legal reasons support a claim of reversible error. Rather, the point relied on simply cites an entire excerpt from a Supreme Court opinion in an unrelated case. Appellants' third point appears to be a continuation of the first point with all the same infirmities. Points I and III leave nothing for review.

The second point at least states a claimed trial court error in imposing sanctions, but fails to state the legal reasons for reversible error or the facts in the context of this case supporting why sanctions should not have been imposed.

The most egregious error, however, is that the argument section fails to support any of the points. The entire argument consists of one page for all three points. It fails to distinguish between the three points and cites no cases that correspond to the issues before the trial court or the issues before this Court. It appears to be simply a nonsensical collection of sentences. There is no standard of review, only one case cited, and no page cites in the argument section.[4]

> As we first noted in the ***Carden v. MIRMA*** case from 2008:
>
> If we did not fairly and impartially apply the rules to all litigants, regardless of their status as an unrepresented party, represented party or attorney, we would be abdicating the rule of law.
>    . . . [F]ailure to comply with procedural rules also creates the possibility that the appellate court, in an effort to fairly review the trial, would become an advocate by speculating on the facts and arguments which have not been made. We will not assume that role. Failure to comply with the briefing requirements under Rule 84.04 preserves nothing for appellate review.
>    . . . In order that we may adjudicate an appeal without becoming an advocate for the appellant, the appellant must define the scope of the controversy by stating the relevant facts fairly and concisely.

---

[4] While we appreciate HSBC's attempts to make sense of Appellants' claims, at the risk of making a legal argument for Appellants we are not comfortable addressing any of Appellants' claims on the merits.

. . . Where, as here, the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review.

*Carden v. Missouri Intergovernmental Risk Management Ass'n*, 258 S.W.3d 547, 554-55, 557 (Mo.App. S.D. 2008) (internal quotations and citations omitted).

The appeal is dismissed; the judgment is affirmed.