Leonard BIERI, III, Appellant,

v.

Charles J. GOWER and Melanie F. Gower, Respondents.

No. 26492.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 7, 2005.

Motion for Rehearing or Transfer Denied Jan. 31, 2005.

Application for Transfer Denied April 5, 2005.

---

Leonard Bieri, III, Springfield, pro se.

No brief filed for Respondents.

ROBERT S. BARNEY, Judge.

Leonard Bieri, III ("Appellant"), appeals from a judgment and order dismissing his cause of action against Charles J. Gower and Melanie F. Gower ("Respondents").[1]

---

1.  As best we discern from the legal file and the appendix attached to Appellant's brief, Appellant was previously divested of certain real properties under a "Federal Order of Forfeiture" issued out of the United States District Court for the Western District of Mis- souri on November 7, 1997. Subsequently, Respondents purchased these real properties from the United States of America. Some four years later, Appellant filed his present action to quiet title in these properties in himself and sought to eject Respondents from

He now raises two points of trial court error.

We immediately note Appellant's violation of numerous briefing errors that are contrary to the requirements contained in Rule 84.04.[2]

■ First, Appellant's statement of facts is not "a fair and concise statement of the facts *relevant* to the questions presented for determination without argument." Rule 84.04(c) (emphasis added). Appellant begins with a rambling and lengthy dissertation of laws and rules primarily relating to a federal criminal case styled as "Criminal Case No. 92–03044–02–CR–RGC," together with attendant criticism of the actions of the United States Government arising from that case. In the latter portion of the statement of facts, Appellant engages in arguments remarkably devoid of lucidity and logical progression.

The statement of facts requirements set out in Rule 84.04(c) " 'serve[ ] to define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case.' " *In re Marriage of Gerhard*, 34 S.W.3d 305, 306–07 (Mo.App. 2001) (quoting *Perkel v. Stringfellow*, 19 S.W.3d 141, 146 (Mo.App.2000)). Appellant has failed to comply with the provisions of Rule 84.04(c). This constitutes grounds for the dismissal of Appellant's appeal, although we hesitate to dismiss an appeal for this reason alone. *Id.* at 307.

Second, Appellant's "Points Relied Upon" read as follows:

Points Relied Upon for Argument I

A Federal Criminal Judgment and Order of Forfeiture pursuant to Federal

law as Conviction Lien and Execution Judgments are not exempt from the faith and credit procedures set out under United States Constitution Article IV Section 1, Title 28 U.S.C.A. Section 1738, Vernon's Annotated Missouri Statute 490.130, Missouri Civil Procedure Rule 74.14.

Points Relied Upon for Argument II

The Circuit Court's rejection of original jurisdiction over a quiet title and ejectment action involving a federal order of forfeiture was not warranted under Missouri Rules of Civil Procedure[ ], Rule 74.14, Rule 87.02 and Vernon's Annotated Missouri Statute 527.150(1)(2).

■ " 'Whether civil or criminal, all briefs filed in an appellate court must comply with Rule 84.04.' " *State v. Hackler*, 122 S.W.3d 132, 133 (Mo.App.2003) (quoting *State v. Watkins*, 102 S.W.3d 570, 571 (Mo.App.2003)). Rule 84.04(d)(1) sets out that:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons*

---

the real properties in question. Respondents seasonably filed their motion to dismiss Appellant's cause of action. The Circuit Court of Ozark County, Missouri, sustained Respondents' motion to dismiss citing "lack of juris-

diction of this Court to set aside a Federal judgment."

**2.** All rule references are to Missouri Court Rules (2004), unless otherwise indicated.

*for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'

■ Here, neither of Appellant's points approaches compliance with Rule 84.04(d)(1) in that each fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(C). "The purpose of the rule is 'to give notice to the opposing party of the precise matters that must be contended with and to inform the court of the issues presented for review.'" *Crawford County Concerned Citizens v. Missouri Dept. of Nat. Res.*, 51 S.W.3d 904, 908 (Mo.App. 2001) (quoting *Franklin v. Ventura*, 32 S.W.3d 801, 803 (Mo.App.2000)). Abstract statements, as recited in Appellant's respective points, standing alone, do not comply with Rule 84.04(d). *Linton v. Linton*, 117 S.W.3d 198, 203 (Mo.App.2003).[3]

■ "The requirement that the point relied on clearly state the contentions on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of the appellate courts." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). The purpose of the requirements regarding points relied on is to give notice to the party opponent of the precise matters that must be contended with and answered and to inform the court of the issues presented for resolution. *Id.; Harrison v. Woods Super Markets, Inc.*, 115 S.W.3d 384, 387 (Mo.App.2003). If this Court must resort to searching the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted claims, we may interpret the claims differently than the opponent or than was intended by the party asserting the claims. *Linton*, 117 S.W.3d at 203. "The appellate court's

function is to examine trial court error asserted by a party, not to serve as an advocate for any party to an appeal." *Id.* Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, "the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency." *Thummel*, 570 S.W.2d at 686. "Courts should not be asked or expected to assume such a role." *Id.*

■ We note that Appellant is appealing pro se. "*Pro se* parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel." *Belisle v. City of Senath*, 974 S.W.2d 600, 601 (Mo.App.1998). As stated in *Kline v. Casey's Gen. Stores, Inc.*, 998 S.W.2d 140 (Mo.App.1999):

> While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis*, 842 S.W.2d 163, 165 (Mo.App.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Id.*, at 141 (quoting *Sutton v. Goldenberg*, 862 S.W.2d 515, 517 (Mo.App.1993)). "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker*, 937 S.W.2d 775, 776 (Mo.App.1997).

■ Further, in the present matter "[o]ur review is under plain error." *Lamar Adver., Inc. v. McDonald*, 19 S.W.3d

---

**3.** We further note Appellant has failed to set out the applicable standard of review for each claim of error. *Lane v. Elliott*, 102 S.W.3d 53, 55 (Mo.App.2003).

743, 745 (Mo.App.2000); *see* Rule 84.13(c). Plain error review "is granted sparingly, and is reserved for those cases where there appears to have been a manifest injustice or miscarriage of justice." *Lamar Adver., Inc.*, 19 S.W.3d at 745. With that being said, Appellant does not make the requisite showing entitling him to the employment of plain error review. *Id.*

The judgment of the trial court is affirmed.

PARRISH, P.J., and SHRUM, J., concur.