**RELIABLE ROOFING, LLC, Plaintiff–Respondent,**

v.

**Annette Paula JONES, Defendant–Appellant.**

**No. SD 29344.**

Missouri Court of Appeals, Southern District, Division One.

Dec. 29, 2009.

Petition for Rehearing or Transfer Denied Jan. 15, 2010.

Application for Transfer Denied March 2, 2010.

Annette Paula Jones, pro se.

Monte P. Clithero, Springfield, MO, for Plaintiff–Respondent.

JEFFREY W. BATES, Presiding Judge.

Annette Jones (Jones) appeals from a judgment in favor of plaintiff, Reliable Roofing, Inc. (Plaintiff). Because Jones' brief does not substantially comply with the requirements of Rule 84.04, we dismiss this appeal.

Plaintiff initiated this action in the trial court by filing a lawsuit against Jones. The petition alleged that Plaintiff had provided goods and services to Jones by repairing the roof of her house and that Jones had not paid the amount due at the conclusion of the work. Plaintiff sought to recover the unpaid balance on the job, plus interest. Jones filed a counterclaim alleging that Plaintiff caused damage to Jones' property while performing the repairs. Both claims were tried to the court. Plaintiff prevailed on its claim and was awarded $11,104, plus costs. Jones prevailed on her counterclaim and was awarded $2,806.81. Jones appealed from the judgment.

■■■ Jones has chosen to proceed pro se on appeal.[1] We fully acknowledge her right to do so, but she is bound by the same rules of procedure as parties who are represented by counsel. *Kline v. Casey's General Stores, Inc.*, 998 S.W.2d 140, 141 (Mo.App.1999). While this Court recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers. *Id.* "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id.*; *Carden v. City of Rolla*, 290 S.W.3d 728, 729 (Mo.App.2009). As our Supreme Court explained in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978):

> Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modifica-

tion of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal.... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

*Id.* at 686; *Kline*, 998 S.W.2d at 141. Accordingly, we must hold Jones to the same standards of practice and procedure on appeal that we would expect of an attorney.

■■ All briefs filed in an appellate court must comply with Rule 84.04. *Carden*, 290 S.W.3d at 729; *Bieri v. Gower*, 157 S.W.3d 264, 266 (Mo.App.2005).[2] Jones' brief fails to comply with nearly all of the requirements of that rule. First, there is a section called "Preliminary Statement" in Jones' brief. Rule 84.04(a) does not authorize the inclusion of such a section as part of the contents of an appellant's brief. Although the 13–page "Preliminary Statement" purports to recount both procedural occurrences and evidentiary matter from the underlying case, this section contains no references to the record on appeal in violation of Rule 84.04(i). This section also contains references to matters outside the record on appeal, which is improper. *Pattie v. French Quarter Resorts*, 213 S.W.3d 237, 239 (Mo.App.2007). The jurisdictional statement of Jones' brief includes references to extraneous matters which are ir-

---

1. Jones was represented by counsel at trial.

2. All references to rules are to the Missouri Court Rules (2009).

relevant to the determination of our jurisdiction over this appeal. *See* Rule 84.04(b). More importantly, Jones' statement of facts fails to comply with Rule 84.04(c) by providing this Court with "a fair and concise statement of the facts relevant to the questions presented for determination without argument." *Id.* Jones' statement of facts omits the evidence supporting the trial court's judgment. Although the foregoing violations of Rule 84.04 are serious, the primary reason we cannot reach the merits of this appeal is that the deficiencies in the points relied on and argument sections of Jones' brief, when considered together, fail to preserve any claim for appellate review.

■ For each point, Rule 84.04(d)(1)(A) requires an appellant to identify "the trial court ruling or action" that is being challenged on appeal. To comply with this rule, each point should only present one claim of error. *In re C.A.M.*, 282 S.W.3d 398, 405 n. 5 (Mo.App.2009). Jones' brief presents five points on appeal. Each is deficient because it identifies two or more different rulings or actions that are being challenged together in one point. A multifarious point preserves nothing for appellate review. *State v. Garrison*, 276 S.W.3d 372, 378 (Mo.App.2009); *Falls Condo. Owners' Ass'n, Inc. v. Sandfort*, 263 S.W.3d 675, 676 (Mo.App.2008). For example, Jones' third point states:

The trial court erred in issuing a ruling granting Reliable Roofing LLC full payment for roofing work and in failing to grant an order in full payment of the property damage Annette Jones sustained and as was listed on her counterclaim because the judge abused his discretion and position to adversely affect the outcome of the trial court decision in this case. The judge was a[sic] formerly worked with, and was a long time friend and associate of Reliable Roofing's collection attorney, who was one of two attorneys representing the roofer at trial. On his own, the judge knew or should have known that he needed to remove himself from the bench trial of this matter or any trial court matter wherein his close personal relationships affect his ability to administer justice. The judge allowed about 25 photos into evidence after the trial was over. The judge struck a portion of Annette Jones testimony from the record and struck Defendant's Exhibit S that was admitted into evidence.

Point III appears to challenge the trial court's failure to recuse itself, as well as a number of different evidentiary rulings. The multifarious points in Jones' brief do not comply with Rule 84.04 and are so deficient as to impede this Court's ability to conduct appellate review. *See Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo. App.2006).

■■ The final and most egregious violation of Rule 84.04 is contained in the argument section of Jones' brief. In relevant part, Rule 84.04(e) states:

The argument shall substantially follow the order of "Points Relied On." The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On." The argument shall also include a concise statement of the applicable standard of review for each claim of error.

*Id.* "An argument should show how the principles of law and the facts of the case interact." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo.App.1999). Jones' brief contains a ten-page Argument section. None of Jones' points are restated in the argument, and it does not appear to substantially follow the order of the points. Instead, Jones presumably addresses all of

the issues included in her points (and other matters not raised therein) in the argument. The argument contains no reference to the applicable standards of review. Indeed, the argument contains no reference to any legal authority whatsoever to support Jones' assertions of error. Moreover, the argument contains no references to the record on appeal. In order to address the issues discussed in the argument, this Court would be required to seine the record to find the relevant facts, independently research the issues and find relevant authority in order to determine whether error occurred. That would effectively require this Court to become Jones' advocate on appeal. *See Top Craft, Inc. v. International Collection Services,* 258 S.W.3d 488, 490 (Mo.App.2008). "Courts should not be asked or expected to assume such a role." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978); *Bieri v. Gower,* 157 S.W.3d 264, 267 (Mo.App. 2005). "An appellate court is not to become an advocate for a party to an appeal." *In re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo.App.1999). The argument section of Jones' brief utterly fails to advise this Court of how the relevant case facts and the applicable law interact to support Jones' contention that the trial court committed reversible error. *See Christomos v. Holiday Inn Branson,* 26 S.W.3d 485, 487 (Mo.App.2000).

On appeal, a trial court's judgment is presumed correct; an appellant bears the burden of proving his or her claims of error. *Ray Klein, Inc. v. Kerr,* 272 S.W.3d 896, 898 (Mo.App.2008). An allegation of error that is not properly briefed cannot be considered in a civil appeal. Rule 84.13(a); *Martin v. Reed,* 147 S.W.3d 860, 864 (Mo.App.2004). The flagrant violations of Rule 84.04 in Jones' brief are so serious as to impede appellate review. *State ex rel. Greene County v. Barnett,* 231 S.W.3d 854, 856 (Mo.App.

2007). "Failure to substantially comply with Rule 84.04 preserves nothing for review and warrants dismissal of an appeal." *McCullough v. McCullough,* 195 S.W.3d 440, 442 (Mo.App.2006); *see also Bishop v. Metro Restoration Services, Inc.,* 209 S.W.3d 43, 48 (Mo.App.2006).

The appeal is dismissed.

BARNEY and BURRELL, JJ., Concur.