George BROWN, Jr., Plaintiff–Appellant,

v.

Derick WHEATLEY and James Bonner, Defendants–Respondents.

No. SD 29919.

Missouri Court of Appeals, Southern District, Division Two.

March 22, 2010.

George Brown, Jr., Anthony, pro se.

D. Keith Henson, Bradley J. Sylwester, St. Louis, for respondents.

Before SCOTT, C.J., LYNCH, P.J., and RAHMEYER, J.

PER CURIAM.

George Brown, Jr. ("Appellant") filed a Petition against Derick Wheatley and James Bonner (collectively, "Respondents") claiming that he was denied medical care and was subjected to cruel and unusual punishment, in violation of the Missouri Constitution, while incarcerated in the Scott County Jail. Respondents filed a motion to dismiss Appellant's Petition for failure to state a claim upon which relief can be granted; the trial court granted Respondents' motion and entered judgment dismissing Appellant's Petition. This appeal followed.

Although Appellant is a pro se litigant, we must hold him to the same standards as attorneys and he must comply with the appellate rules. *Reliable Roofing, LLC, v. Jones*, 302 S.W.3d 232, 233–34 (Mo.App. S.D.2009). This Court recognizes the problems faced by pro se litigants, but we cannot relax our standards for non-lawyers. *Id.* "Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting pro se litigants preferential treatment." *Pruett v. Pruett*, 280 S.W.3d 749, 751 (Mo.App. S.D.2009).

Appellant's brief must meet the requirements set forth in Rule 84.04,[1] which are mandatory. *Reliable Roofing, LLC*, 302 S.W.3d at 233–34. Judges must be free to impartially evaluate the arguments of the parties; it is not their role to become advocates by speculating on facts and arguments not asserted. *Lueker v. Missouri Western State University*, 241 S.W.3d 865, 867 (Mo.App. W.D.2008). Ap-

---

1. All rule references are to Missouri Court Rules (2009), unless otherwise specified.

pellant's brief is deficient in the following ways.

First, Appellant's statement of facts does not contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). His narration of the facts contains inappropriate argument and does not provide this Court with the facts necessary to determine whether the trial court erred in dismissing the Petition. There is not a single reference to the legal file in either Appellant's statement of facts or argument, as required by Rule 84.04(i).

> Compliance with this subpart of the rule "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record. This would effectively require the court to act as an advocate for the non-complying party, a role which we expressly decline."

*Yates v. Briggs & Stratton,* 302 S.W.3d 776, 777–78 (Mo.App. S.D.2010) (quoting *Brown v. Shannahan,* 141 S.W.3d 77, 80 (Mo.App. E.D.2004)).

Second, Appellant's sole point relied on states:

> The trial court erred in granting Respondent[s'] Motion to Dismiss finding that Appellant failed to state a claim upon which relief can be granted because the Petition's allegations invoke principles of substantive law.

Appellant's point fails to "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(C).

Third, the argument portion of Appellant's brief fails to comply with Rule 84.04(e), and preserves nothing for review. Appellant's argument should demonstrate how principles of law and the facts of the case interact. *Carden v. Missouri Inter-*

*governmental Risk Management Ass'n,* 258 S.W.3d 547, 557 (Mo.App. S.D.2008). Appellant's point claims the trial court erred "because the Petition's allegations invoke principles of substantive law." Appellant further states in his two-page argument that "[i]f the pleader's allegations invoke principles of substantive law which may entitle the party to relief, the petition is not to be dismissed." Yet, Appellant does not provide the applicable substantive law or explain how the allegations in his Petition complied with the substantive law. Appellant's argument contains conclusory statements, but fails to cite relevant authority in support of his claim; therefore, the point is deemed abandoned. *Id.*

Finally, Appellant's brief violates Rule 84.04(h)(1), which provides that a party's brief shall contain an appendix containing the "judgment, order, or decision in question." Rule 84.04(h)(1). The judgment from which he appeals is not contained in the appendix of Appellant's brief.

Appellant's failure to substantially comply with Rule 84.04 preserves nothing for review and warrants dismissal of his appeal. The appeal is dismissed.