REGIONS BANK, Trustee of the Page G. Schumacher Trust dated June 25, 1996, Petitioner-Respondent,

v.

Ron DAVIS, Individually and as the Personal Representative of the Estate of Page G. Schumacher, Respondent-Appellant.

No. SD 34468

Missouri Court of Appeals, Southern District, Division Two.

Filed June 19, 2017

---

Appellant Ron Davis appeals pro se.

Attorneys for Respondent: Christopher F. Weiss and Shelly A. Rosenfelder, of HUSCH BLACKWELL LLP, Springfield, Missouri.

## GARY W. LYNCH, P.J.

Regions Bank, Inc. ("the Trustee"), Trustee of the Page G. Schumacher Trust ("the Trust"), petitioned the trial court for "discovery of assets which properly belong to the Trust but are claimed to be assets of the Estate [of Page G. Schumacher]" ("the Estate") and also sought the removal of Ronald F. Davis as the personal representative of the Estate.[1] The trial court entered a judgment against Davis, individually, that removed him as personal representative of the Estate, awarded damages in favor of Trustee for the discovery of assets, and ordered the payment of Trustee's attorney fees. Davis timely appeals that judgment.

Davis represents himself in this appeal. "We fully acknowledge [his] right to do so, but [he] is bound by the same rules of procedure as parties who are represented by counsel." *Reliable Roofing,*

LLC v. Jones, 302 S.W.3d 232, 234 (Mo. App. 2009). "All briefs filed in an appellate court must comply with Rule 84.04."[2] *Id.* Claims of error that are not properly briefed "shall not be considered in any civil appeal." Rule 84.13(a). As observed by the Eastern District of our Court,

> Rule 84.04 provides the requirements for appellate briefs.... Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review. Compliance with the rule is required in order that the appellant may give notice to the party opponent of the precise matters which must be contended with and answered. Compliance is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made.

*Osthus v. Countrylane Woods II Home-owners Ass'n,* 389 S.W.3d 712, 714-15 (Mo. App. 2012) (internal citations and quotation marks omitted).

Davis's brief is notably deficient in many respects, including, but not limited to the following:

● Rule 84.04(c) requires that Davis's brief contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Davis's facts are not presented fairly or concisely. Rather, his factual background consists of 77 pages of argument. In violation of our standard of review, he repeatedly relies on facts favor-

---

1. The Trust is the sole beneficiary of the Estate.

2. References to rules are to Missouri Court Rules (2016).

able to his position.[3]

- Rule 84.04(c) and (e) require that within the Statement of Facts and Argument sections, "[a]ll statements of facts *shall* have specific page references to the relevant portion of the record on appeal[.]" (Emphasis added). " 'This requirement is mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if the factual assertions in the brief are supported by the record. To do so would effectively require the court to act as an advocate for the non-complying party.' " *FIA Card Servs., NA v. Hayes*, 339 S.W.3d 515, 517 (Mo. App. 2011) (quoting *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 868 (Mo. App. 2008)). Davis's Statement of Facts and Argument routinely and almost universally fail to comply with this requirement. Moreover, rather than referencing the record on appeal, Davis purports to support his stated facts with citations to what he labels as exhibits that he attached to his brief and that are not in the record on appeal.

- Davis's point relied on purports to consist of multiple points relied on; however, his brief contains only one argument section. Because the "argument shall substantially follow the order of the 'Points Relied On[,]' " Rule 84.04(e), he cannot possibly have more than one point relied on. The contentions set forth in any other point would be abandoned.[4] Therefore, we understand his brief to contain one multifarious point relied on.[5]

- In addition to being multifarious, the point relied on wholly fails to comply with the requirements of Rule 84.04(d).[6]

---

3. "In a court-tried civil case it is the court's duty to judge the credibility of the witnesses and the weight to be given to their testimony. The judge is free to believe none, part, or all of the testimony and chooses between conflicting evidence. We defer to these determinations." *Bonney v. Envtl. Eng'g, Inc.*, 224 S.W.3d 109, 125 (Mo. App. 2007) (internal citations omitted). Davis fails to consider that the trial court did not believe evidence he submitted at trial, most notably his testimony that the trial court expressly determined was not credible, and instead believed the evidence submitted by the Trustee. The trial court is free to do so, and we will not reweigh the evidence on appeal.

4. "When a party fails to develop a point relied on in the argument section, it is deemed abandoned." *Lack v. Payne*, 151 S.W.3d 862, 867 (Mo. App. 2004).

5. "Points relied on containing multifarious claims violate Rule 84.04(d) and ordinarily are subject to dismissal." *Day v. State*, 208 S.W.3d 294, 295 (Mo. App. 2006). It is somewhat difficult to convey the extent to which Davis's point is multifarious. It spans eight pages, begins with an initial paragraph labeled "1." That is followed by 17 apparent subsections labeled "a" through "q", some of which have apparent sub-subsections labeled "1." and "2.", some of which have apparent sub-sub-subsections labeled "a." and "b." While presented as subsections "a" through "q", those subsections are nevertheless also identified as individual points relied on.

6. Rule 84.04(d)(1) requires a Point Relied On to:

(A) Identify the trial court ruling or action that the appellant challenges;
(B) State concisely the legal reasons for the appellant's claim of reversible error; and
(C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

In doing so, "[t]he point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].' " Rule 84.04(d)(1).

- Rule 84.04(e) also requires that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Davis's brief does not comply with any of these requirements.
- Davis's argument is not supported by authority, and he offers no reasonable explanation for such absence. "An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." *Selberg v. Selberg*, 201 S.W.3d 513, 516 (Mo. App. 2006).
- In violation of Rule 84.04(a)(6), Davis's brief does not include a "*short* conclusion stating the *precise* relief sought." (Emphasis added.)
- Rule 84.04(h) requires Davis's brief be accompanied by an appendix containing certain materials. Instead of complying with this rule, Davis submitted an appendix containing only a table of contents to what he labeled as exhibits.

The totality of the above-described deficiencies impedes meaningful appellate review of the trial court's judgment and thereby fails to preserve any issue for appellate review.

■ "On appeal, a trial court's judgment is presumed correct; an appellant bears the burden of proving his or her claims of error." *Reliable Roofing, LLC*, 302 S.W.3d at 236. We are unable to consider any portion of Davis's brief due to the serious briefing deficiencies set forth above. He has failed, therefore, to meet his burden of proving his claims of error. The trial court's judgment, presumed correct, is affirmed.[7]

■ The Trustee filed a Motion for Attorneys' Fees on Appeal pursuant to section 456.10-1004.[8] The trial court found that "this matter is a judicial proceeding involving the administration of a Trust" and that "[g]iven the bizarre yet serious nature of [Davis'] unsubstantiated claims and the fact that [the Trustee] had to defend these claims …, the Trustee and the Trust should not in equity and fairness have to bear the costs of this litigation." [9] Davis does not attempt to challenge either finding on appeal. We agree with the trial court that neither the Trust nor the Trustee should bear the costs of this litigation.

While Davis is a "party" for purposes of section 456.10-1004, the trial court found that he is neither a beneficiary of the Estate nor a beneficiary of the Trust. The trial court further found that Davis, nevertheless, developed a strategy "to use the probate proceedings in an effort to interfere with the administration of the Trust Estate and to gain control of the Trust's assets." In executing that strategy, the trial court found that Davis, as personal representative of the Estate, "upon false pretenses and for improper purposes[,]" gained control of substantial annuity proceeds that belonged to the Trust, that he abused his position as personal representative solely to advance his personal inter-

---

7. The Trustee's "Motion to Dismiss Appeal and/or Strike Appellant's Brief" that was previously ordered taken with the case is denied as moot.

8. Section 456.10-1004, RSMo. Cum.Supp. 2013, provides: "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy."

9. Davis is not a beneficiary of the Trust.

ests, and that, according to his own admission, unless he was removed as personal representative, he would continue to pursue claims against the Trustee and its employees until he was dead.

It is not just or equitable for the beneficiaries of the Trust, who are not a part of Davis's appeal and who are innocent as to Davis's disagreements with the Trustee, to bear the Trustee's attorney fees in this appeal. *See Klinkerfuss v. Cronin*, 289 S.W.3d 607, 618 (Mo. App. 2009) (innocent beneficiary, who had no part in the litigation, should not have her share of the trust depleted due to her sister's vexatious litigation).

Furthermore, it is not just or equitable for the Trustee to bear its own attorney fees for successfully defending Davis's procedurally deficient appeal. *O'Riley v. U.S. Bank, N.A.*, 412 S.W.3d 400, 419 (Mo. App. 2013) ("justice and equity recommends an award otherwise Trustee would have to personally bear the expense for performing its duty to the trust.").

The Trustee's motion for attorney fees on appeal is granted, and the case is remanded to the trial court with directions to hold a hearing to determine and fix an amount for Trustee's reasonable attorney fees on appeal and to enter judgment therefor. *See Hensley v. Shelter Mut. Ins. Co.*, 210 S.W.3d 455, 477 (Mo. App. 2007) (appellate court may defer authority to fix amount of attorney fees on appeal to the trial court that is in a better position to hear evidence and argument on this issue and make a determination of the reasonableness of the requested fees).

DANIEL E. SCOTT, J.—concurs

WILLIAM W. FRANCIS, JR., J.—concurs