DON E. BURRELL, P.J.
Neil and Deborah Steiner ("Appellants"), proceeding pro se , attempt to appeal a judgment entered against them in favor of Tan-Tar-A Estates, L.L.C. ("Respondent"). Because Appellants' failure to comply with the mandatory briefing requirements *352 of Rule 84.04[1] materially impedes impartial review, we must dismiss the appeal.
Background
Respondent filed a declaratory judgment action against Appellants, seeking a declaration that Respondent was the owner of certain improvements to real property located on Tan-Tar-A Estates Lot #310, Osage Beach, Camden County, Missouri ("the Property").[2] The trial court granted Respondent's motion for summary judgment and entered a judgment that declared Respondent the owner of the improvements ("the judgment").
Analysis
Pro se litigants are required to follow the same appellate rules as parties represented by lawyers. Reliable Roofing, LLC v. Jones , 302 S.W.3d 232, 234 (Mo. App. S.D. 2009). While we recognize the challenges facing pro se litigants, we cannot bend those rules to benefit non-lawyers. Id. As our Supreme Court stated in Thummel v. King , 570 S.W.2d 679, 686 (Mo. banc 1978) :
It is not the function of the appellate court to serve as advocate for any party to an appeal.... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.
This requirement of neutrality also prevents us from becoming an advocate on behalf of parties not represented by counsel.
In this appeal, the following deficiencies materially impede impartial review.
• The Statement of Facts violates Rule 84.04(c), which requires a fair and concise statement of the facts relevant to the questions presented for determination without argument and with specific page references to the relevant portions of the record on appeal. Appellants' brief meets neither of these requirements. Their two-page statement of facts contains no record citations and recites a purported procedural history that fails to include any facts relevant to the issues on appeal. Standing alone, a violation of Rule 84.04(c) constitutes grounds for dismissal of an appeal. Washington v. Blackburn , 286 S.W.3d 818, 820 (Mo. App. E.D. 2009).
• Points Relied On serve the "threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered." Thummel , 570 S.W.2d at 686. Here, all of Appellants' points[3] violate Rule 84.04(d)(1)
*353 because they fail to state the legal reasons for the claim of reversible error and to explain why, in the context of the case, those legal reasons support the claim of reversible error. Washington , 286 S.W.3d at 821 (a point relied on that does not comply with the Rule preserves nothing for appeal).
• Appellants' argument section fails to comply with Rule 84.04(e), which requires an appellant to state the standard of review and support factual assertions with specific page references to the relevant portion of the record on appeal. The argument section must also explain why, in the context of the case, the law supports the claim of reversible error. Id. Here, Appellants' three-page argument meets none of these requirements. It does not: (1) provide the governing standard of review for summary judgments; (2) follow the points relied on; or (3) provide any references to the record on appeal.
• Rule 84.04(h) requires a party's brief to be accompanied by an appendix that contains, as relevant here: (1) the judgment, order, or decision in question; and (2) the complete text of all statutes claimed to be controlling in resolving a point on appeal. Appellants' brief does not contain an appendix.
Rule 84.13(a) requires that any allegations not properly briefed "shall not be considered in any civil appeal[.]" To address Appellants' complaints on any merit they might have would impermissibly require this court to search the extensive record for the relevant facts, independently research the legal issues involved, then find and apply the relevant authority that would determine whether any reversible error occurred. Stepping in on behalf of one of the parties to the appeal to perform those necessary tasks would take us out of our proper role as neutral reviewer and make us Appellants' advocate-a role we cannot assume. Reliable Roofing, LLC , 302 S.W.3d at 236 ; Washington , 286 S.W.3d at 823.
Appellants' non-compliant brief preserves nothing for review. The appeal is dismissed.
NANCY STEFFEN RAHMEYER, C.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

All rule references are to Missouri Court Rules (2018).

There has been a fairly extensive history of litigation between the two parties over the Property, including an action for rent and possession that resulted in a 2015 judgment in favor of Respondent. See Tan-Tar-A Estates, L.L.C. v. Steiner , 465 S.W.3d 915, 916 (Mo. App. S.D. 2015).

Appellants' points, verbatim , are: (1) "The Trial Court erred in that Defendant's Motion for Fraudulent Misrepresentation of claim be barred by the statute of limitations"; (2) "The Trial Court erred by taking security interest and assets beyond limits allowed by state law"; and (3) "The Trial court erred not allowing Defendant's Motions."