

# Missouri Court of Appeals

## Southern District

## Division One

NEIL B. STEINER,
and DEBORAH G. STEINER,

        Appellants,

v.

ROBERT ROLFES,
and SUSAN ROLFES,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)

No. SD36454

Filed: May 27, 2020

## APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Peggy D. Richardson, Judge

### **APPEAL DISMISSED**

Neil B. Steiner and Deborah G. Steiner, ("the Steiners"), *pro se* appellants, appeal from the trial court's "Judgment of Dismissal," granting a motion, filed by Robert and Susan Rolfes ("the Rolfes"), to dismiss the Steiners' petition. On appeal, the Rolfes filed a motion to dismiss the Steiners' appeal due to Rule 84.04[1] violations and other briefing deficiencies. We sustain the motion and dismiss the appeal.

---

[1] All rule references are to Missouri Court Rules (2020).

**Facts and Procedural History**

The Steiners filed a petition against the Rolfes alleging, in relevant part, that the Steiners had the right to possession of certain real estate, and personal property located thereon, in Osage Beach, Missouri. The Rolfes filed a motion to dismiss the Steiners' petition, which the trial court granted in its Judgment of Dismissal on November 21, 2019. This appeal followed.

***Governing Principles of Review and Rule 84.04***

This Court dismissed a previous appeal from the Steiners for Rule 84.04 briefing violations. ***Tan-Tar-A Estates, L.L.C. v. Steiner***, 564 S.W.3d 351 (Mo.App. S.D. 2018). The same fatal deficiencies now appear in the Steiners' brief before us. "*Pro se* litigants are required to follow the same appellate rules as parties represented by lawyers. While we recognize the challenges facing *pro se* litigants, we cannot bend those rules to benefit non-lawyers." ***Id.*** at 352.

In this appeal, the following deficiencies materially impede impartial review.

•***Statement of Facts***: Rule 84.04(a)(3)&(c) requires the presentation of a "statement of facts," which "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statements of facts shall have specific page references to the relevant portion of the record on appeal[.]" The Steiners' brief does not include a statement of facts in designation or in substance. Sub-headings styled "Statement of the Case" and "Summary of the Argument" are presented, but are merely cursory procedural histories, fail to include *any* citations to the record, and do not present "all those facts utilized in the argument section[.]" ***Interest of R.J.M.***, 571 S.W.3d 219, 222 (Mo.App. S.D. 2019) (internal quotation and citation omitted). Our courts have observed that this manner of failure is "often viewed" as an admission that if all (and only) the relevant facts were before the reviewing court, "the appellant would surely lose." ***Kenneth Bell and NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc.***, 561 S.W.3d 469, 473 (Mo.App. S.D. 2018) (internal quotation and citations omitted).

•***Point Relied On***: Rule 84.04(d) mandates that each point relied on "be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" The Steiners' brief contains **no point relied on**. "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." ***Scott v. King***, 510 S.W.3d 887, 892 (Mo.App. E.D. 2017). The Steiners' failure to present a point relied on, in compliance with Rule 84.04(d)(1), preserves nothing

for appellate review and is fatal to their appeal. Moreover, Rule 84.04(d)(5) directs that "[i]mmediately following each 'Point Relied On,' the appellant . . . shall include a list of cases, not to exceed four, . . . upon which that party principally relies." The Steiners' argument section cites no cases—the Steiners do not indicate that such authority was unavailable, or provide any reason for the absence of such authority.

•*Standard of Review*: Rule 84.04(e) requires that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." The Steiners' brief disregards this requirement wholesale, and does not attempt (or succeed) at complying therewith. "We will not, on review, convict a trial court of error on an issue which was not put before it to decide." *State ex rel. Schmitt v. Schier Co., Inc.*, 594 S.W.3d 245, 254 (Mo.App. S.D. 2020) (internal quotation and citation omitted).

•*Argument*: Rule 84.04(e) directs that "[t]he argument shall substantially follow the order of 'Points Relied On.' The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the 'Points Relied On.'" As discussed, *supra*, the Steiners' brief fails to present a point relied on, and as a result, fails to comply with the instant requirement. Additionally, Rule 84.04(e) indicates that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." In no instance does the Steiners' brief comply with this requirement.

### *The Rolfes' Motion to Dismiss Appeal*

The Rolfes filed a motion to dismiss the Steiners' brief, arguing that such is not in substantial compliance with Rule 84.04. For the reasons discussed in this opinion, we agree, and the Rolfes' motion to dismiss the Steiners' brief is granted.[2] Appeal dismissed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS

---

[2] "When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them." *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012) (internal quotation and citation omitted).