

# Missouri Court of Appeals

## Southern District

### Division Two

HSBC BANK USA, NATIONAL
ASSOCIATION as TRUSTEE for
NOMURA ASSET ACCEPTANCE
CORPORATION, ALTERNATIVE
LOAN TRUST, SERIES 2006-WF1
MORTGAGE PASS-THROUGH
CERTIFICATES, and WELLS
FARGO BANK, NATIONAL
ASSOCIATION,

      Plaintiffs-Respondents,

v.

BECKY ANN SPENCE,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Nos. SD36981, SD36982, SD36983,
SD36984, and SD36985, consolidated

**Filed: November 3, 2021**

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

## APPEAL DISMISSED

Becky Ann Spence ("Borrower") appeals the judgments entered against her in five consolidated judicial foreclosure suits brought by HSBC Bank USA, National Association ("HSBC"), and Wells Fargo Bank, National Association ("Wells Fargo") (collectively, "Lenders"). Lenders rightly argue that Borrower's appeals should be dismissed due to significant violations of Rule 84.04.[1] We agree and dismiss Borrower's appeals.

Borrower's first point on appeal reads as follows:

---

[1] All rule references are to Missouri Court Rules (2021).

I.    The [t]rial [c]ourt erred by granting judgment in foreclosure to [HSBC] based upon it being the true party entitled to enforce the Notes and Deeds of Trust in Cases 214 through 217 because:

    a.  [HSBC] never established that it is an existing corporation authorized to do business in Missouri[;]

    b.  [HSBC] failed to establish that it was the named entity on the assignments on any of the four Deeds of Trust[;]

    c.  Once the Notes and the Deeds of Trust were separated in three of the cases, the Notes were no longer secured[;]

    d.  In the fourth case, there is no proof that the Note and Deed of Trust were endorsed to the same entity at the same time rendering the Note unsecured[;]

    e.  The Lost Note Affidavits upon which [HSBC] relied to support its cases did not comply with statutory requirements and, therefore, could not verify the validity of the Notes at issue[; and]

    f.  [HSBC] failed to establish the records upon which it based its foreclosures were valid business records[.]

Borrower's second point claims:

II.   The trial court erred in granting Wells Fargo judgment in foreclosure because:

    a.  Wells Fargo failed to establish that the records upon which it relied were business records kept in the ordinary course of business[;]

    b.  The Lost Note Affidavit upon which it relied to prove the validity of the Note upon which it sought foreclosure did not comply with statutory requirements.

Compliance with Rule 84.04 is mandatory, and an appellant's "[f]ailure to comply with the briefing requirements under Rule 84.04 preserves nothing for appellate review." *Hardison v. McCracken*, 580 S.W.3d 49, 52 (Mo. App. S.D. 2019) (quoting *Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n*, 258 S.W.3d 547, 554 (Mo. App. S.D. 2008)).

Borrower's points violate Rule 84.04(d)(1) in both form and substance. They fail to identify any specific trial court ruling or action as erroneous, and, instead, they improperly attempt to challenge the judgment as a whole. The points also fail to state the legal principle(s) that support the claims of error and explain why those legal principles require a reversal when applied to the facts found by the trial court.

The points are also multifarious in that they assert six claims of alleged error in Point One and two alleged errors in Point Two. *See Simanis v. Simanis*, 597 S.W.3d 735, 739 n.2 (Mo. App. S.D. 2020). "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Id.* (quoting *Bowers v. Bowers*, 543 S.W.3d 608, 615 n.9 (Mo banc. 2018)).

The argument sections of Borrower's brief include very few references to the record on appeal; a violation of Rule 84.04(e). But the greatest impediment to implementing our preference to resolve appeals on their merits in this case is Borrower's failure to describe how each alleged error was preserved for appellate review and identify the applicable standard of review for each claim of error. *See* Rule 84.04(e). A judgment in favor of the party with the burden of proof may be reversed only if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Borrower's brief fails to identify which of these potential avenues of relief apply to any of her claims of error. *See Simanis*, 597 S.W.3d at 739-40.

Rule 84.13(a) directs that any point not properly briefed shall not be considered on appeal. To attempt to address Borrower's complaints on any potential merit they might have would require us to extensively search the record for relevant facts, research the legal issues

that might apply, and then apply that relevant authority to determine whether any reversible error had occurred.  *Tan-Tar-A Ests., L.L.C. v. Steiner*, 564 S.W.3d 351, 353 (Mo. App. S.D. 2018).  That advocacy role is one that we cannot assume.  *Id.*

Borrower's appeal is dismissed.

DON E. BURRELL, OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS