

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF: )
K.E.H. )
)
STONE COUNTY JUVENILE OFFICE, )
)
    Plaintiff-Respondent, )
)
v. )    No. SD37511
)
K.E.H., Juvenile, )    **Filed: March 8, 2023**
)
    Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Mark A. Stephens

**<u>AFFIRMED</u>**

K.E.H. appeals the order entered by the juvenile division of the circuit court of

Stone County ("the juvenile division") that dismissed a juvenile-delinquency cause of

action and certified K.E.H. as eligible to be prosecuted as an adult under the general law

("certified").[1] In one point on appeal, K.E.H. argues that the juvenile division plainly

---

[1] After ordering K.E.H. to show cause as to why this appeal should not be dismissed as an appeal that is not taken from a Rule 74.01 "judgment," we found that K.E.H. sufficiently showed such cause and allowed his appeal to proceed. *See **In re J.N.W. v. Juvenile Officer**,* 643 S.W.3d 618, 628 (Mo. App. W.D. 2022) (holding that the juvenile division's order discharging the juvenile from the juvenile division's jurisdiction and ordering him to be transferred to a court of general jurisdiction is a final and appealable order). And

> [s]ection 211.261.1 provides, in relevant part, that "[a]n appeal shall be allowed to the
> child from any final judgment, order or decree made under the provisions of this

1

erred in certifying him because the juvenile division exceeded its authority under section 211.071, in that K.E.H.'s age as alleged in the petition was above the age limit set by the legislature.[2] Finding no facial appearance of substantial grounds to believe that the order resulted in a manifest injustice, we deny plain-error review and affirm the certification.

## Analysis

The decision of the juvenile division is presumed correct, and K.E.H. bears the burden of proving reversible error. *Regions Bank v. Davis*, 521 S.W.3d 283, 287 (Mo. App. S.D 2017).[3] K.E.H. was born in 2003. On August 20, 2021, the juvenile officer of Stone County filed a petition in the juvenile division alleging that, on March 6, 2020, K.E.H. had committed what would constitute the class-B felony of sexual abuse if committed by an adult. The petition alleged that K.E.H.'s birthday was in early March 2003, making K.E.H. sixteen years old at the time of the alleged abuse and eighteen years old at the time the certification petition was filed. Along with the petition, the juvenile officer filed a motion to dismiss the petition to allow K.E.H. to be prosecuted as an adult under the general law ("certified"). After an October 14, 2021 certification hearing, the juvenile division entered the challenged order that certified K.E.H.

K.E.H.'s sole point on appeal claims:

chapter...." In [*In re*] *D.E.G.* [*v. Juvenile Officer of Jackson Cnty.*], our Supreme Court determined that "[a] [section 211.071] judgment dismissing a juvenile from the juvenile division's jurisdiction is final and appealable." 601 S.W.3d [212,] 218 [(Mo. banc 2020)].

*Id.* at 627. All rule references are to Missouri Court Rules (2021).

[2] Unless otherwise indicated, all statutory citations are to RSMo 2016.

[3] "Juvenile proceedings are civil, not criminal, and are focused on continuing care, protection, and rehabilitation of the juvenile, not punishment." *In re A.C.C.*, 561 S.W.3d 425, 428 (Mo. App. E.D. 2018). "Although the juvenile [division] can adjudge what would be criminal conduct but for a child's infancy, delinquency proceedings are civil in nature, and thus stand 'apart from the criminal justice system.'" *In re I.D. v. Juvenile Officer*, 611 S.W.3d 869, 874 (Mo. App. W.D. 2020) (quoting *In re J.D.H. v. Juvenile Ct. of St. Louis Cnty.*, 508 S.W.2d 497, 500 (Mo. banc 1974)).

The [juvenile division] plainly erred in dismissing the juvenile cause of action and certifying [K.E.H.] to be prosecuted as an adult under the general laws, because the [juvenile division] exceeded its authority under [s]ection 211.071, in that: (1) the legislature placed an upper-limit on the age of persons subject to certification proceedings, and [K.E.H.'s] age as alleged in [the juvenile division's] petition was above the limitation set by the legislature; (2) the statute defining the authority of juvenile divisions of circuit courts has materially different language from the certification statute; and (3) the [juvenile division]'s plain error resulted in manifest injustice because the [juvenile division]'s error was outcome determinative, and because [K.E.H.] suffered a loss of liberty at a critically important stage of a prosecution based on the [juvenile division]'s plain error.

We disagree.

The "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute[.]" *In re B.S. v. Juvenile Officer*, No. 84833, 2022 WL 17814035, at *2 (Mo. App. W.D. Dec. 20, 2022) (quoting *State v McDonald*, 626 S.W.3d 708, 713 (Mo. App. W.D. 2021)).

The relevant portion of section 211.071.1 states as follows:

If a petition alleges that a child between the ages of twelve and seventeen has committed an offense which would be considered a felony if committed by an adult, the court may, upon its own motion or upon motion by the juvenile officer, the child or the child's custodian, order a hearing and may, in its discretion, dismiss the petition and such child may be transferred to the court of general jurisdiction and prosecuted under the general law[.[4]]

K.E.H. admits that he did not preserve his argument for appeal, and he requests plain-error review.

"Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *In re P.L.S. v. Juvenile*

---

[4] Section 211.041 also allows the juvenile division to retain continuing jurisdiction over a delinquent juvenile who has come under its jurisdiction until that juvenile reaches age 21.

***Officer***, 651 S.W.3d 885, 888 (Mo. App. W.D. 2022) (quoting Rule 84.13). "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" ***State v. Brandolese***, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting ***State v. Clay***, 533 S.W.3d 710, 714 (Mo. banc 2017)).

The petition alleged that K.E.H. was eighteen years old at the time of the filing of the petition in this case, but he concedes that the petition also asserts that he was sixteen years old at the time of the alleged offense. K.E.H. argues that, because the petition also stated that he was eighteen years old at the time of filing, K.E.H. is outside of the statutory age range, depriving the juvenile division of any authority to dismiss the juvenile-delinquency cause of action and certify K.E.H.

The Western District recently addressed this issue and held that section "211.071.1 merely requires that an individual fall between the ages of twelve and seventeen *at the time of the underlying offense*." ***In re B.S.***, 2022 WL 17814035, at *1. We agree.

K.E.H. cites no legal authority supporting his argument that section 211.071.1 places an "upper-age limit" on who may be certified, thereby constituting "something analogous to a special statute of limitations" that would prohibit prosecutions of persons over 17-years-of-age under the general law for any of their juvenile-delinquency offenses that would have been felonies if committed by an adult.

Contrary to K.E.H.'s argument that the "delay" in filing the certification petition resulted in an improper and prejudicial delay of 17 months, the ability to delay the dire decision to seek certification until after K.E.H.'s 18th birthday actually allows the juvenile

4

officer to keep the offender in juvenile rehabilitation and watch his progress for a longer period of time before having to make that important decision about whether or not to seek certification.

No facial showing of substantial grounds to believe that the order resulted in a manifest injustice having been shown, we decline to exercise our discretion to engage in plain-error review of K.E.H.'s complaint. The presumed-correct certification order of the juvenile division is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

BECKY J.W. BORTHWICK, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS