

# Missouri Court of Appeals
## Southern District

### In Division

TANEYCOMO LAKEFRONT )
RESORT & RV PARK, LLC, )
)
Plaintiff-Appellant, )
)
v. ) No. SD37923
)
EMPIRE DISTRICT ) **Filed: March 5, 2024**
ELECTRIC COMPANY, )
)
Defendant-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jessica L. Kruse

(*Before Bates, J., Burrell,, J., and Borthwick, J.*)

### REVERSED AND REMANDED WITH DIRECTIONS

PER CURIAM. This appeal challenges the entry of summary judgment in favor of Empire District Electric Company ("Empire"). Based upon various legal theories, Taneycomo Lakefront Resort & RV Park, LLC ("Resort") filed suit against Empire in 2016 in an attempt to clear title to certain lakefront real estate that Resort has occupied since approximately 1982 that Empire claims to own in "fee-simple" ("the Disputed Property").

1

This is the second time that the case has been before our court. In the first appeal, ***Taneycomo Lakefront Resort & RV Park, LLC v. Empire Dist. Elec. Co.***, 605 S.W.3d 605 (Mo. App. S.D. 2020) ("***Taneycomo Resort I***"), we reversed the circuit court's entry of summary judgment and remanded the case with instructions to follow our opinion in ***Predovic v. Empire Dist. Elec. Co.***, 603 S.W.3d 366 (Mo. App. S.D. 2020) ("***Predovic I***"), which involved similar facts and legal issues. That similarity continues, and we have again reviewed these similar cases in tandem.

Because the deed Empire relies upon granted Empire only a flowage easement, not fee-simple title, the circuit court erred as a matter of law in declaring in its "Findings of Fact, Conclusions of Law and Judgment" ("the Judgment"[1]) that Empire "owns fee simple title to the Disputed Property." Accordingly, we reverse the Judgment and remand the matter for further proceedings consistent with this opinion and our opinion in ***Predovic v. Empire Dist. Elec. Co.***, No. SD 37922, 2024 WL 619087 (Mo. App. S.D. Feb. 14, 2024) ("***Predovic II***").

---

[1] Although both parties initially filed cross-motions for summary judgment, presenting and responding to asserted numbered paragraphs of Statements of Uncontroverted Material Facts ("SUMF"), the parties effectively abandoned those motions by failing to follow the process set forth in Rule 74.04 in favor of stipulating to 177 evidentiary facts that they presented to the circuit court in a joint "Stipulation-Statement of Uncontroverted Material Facts[.]" Unless otherwise indicated, all rule references are to Missouri Court Rules (2023). "A stipulation is an agreement between counsel with respect to business before the court and, although not a usual pleading, is a proceeding in the cause and so under the supervision of the court." ***Griffin Contracting Co. v. Hawkeye-Sec. Ins. Co.***, 867 S.W.2d 602, 604 (Mo. App. S.D. 1993). "They are controlling and conclusive, and courts are bound to enforce them." ***Id.*** (internal quotation omitted). Thereafter, understandably, the circuit court never entered a ruling on the parties' cross-motions for summary judgment. Instead, the circuit court relied on the parties' stipulated evidentiary facts to draw the necessary inferences from those facts to make findings on the ultimate element facts necessary to resolve the parties' dispute. Neither party objected to that process, and the parties' briefs cite almost exclusively the stipulated evidentiary facts instead of the SUMF facts. As a result, we treat the Judgment as having been entered after a trial on a stipulated record. *Cf.* ***Williston v. Vasterling***, 536 S.W.3d 321, 329 n.11 (Mo. App. W.D. 2017) (when reviewing a pleading or motion, we look to its substance, not its title).

**Analysis**

On appeal, we review the interpretation of a deed *de novo*. ***Hinshaw v. M-C-M Props., LLC***, 450 S.W.3d 823, 826 (Mo. App. W.D. 2014). For a detailed review of the chain of title relied upon by Empire, see the "Factual and Procedural Background" section of our opinion in ***Predovic II***, 2024 WL 619087, at *1.

Resort presents six points, all of which fail (in various ways) to conform to the mandatory framework set forth in Rule 84.04. *See* ***Lexow v. Boeing Co.***, 643 S.W.3d 501, 505 (Mo. banc 2022). When briefing deficiencies materially impede impartial appellate review, dismissal of the appeal is required. ***Tan-Tar-A Ests., L.L.C. v. Steiner***, 564 S.W.3d 351, 351-52 (Mo. App. S.D. 2018). Nevertheless, "[w]e have the discretion to review non-compliant briefs ex gratia where the argument is readily understandable." ***Scott v. King***, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017). "[W]e cautiously exercise this discretion because each time we review a noncompliant brief ex gratia, we send an implicit message that substandard briefing is acceptable. It is not." ***Id.***

Here, impartial review is not materially impeded as Resort's arguments include the readily-understandable claim that the language of the deed at issue "conveyed only flowage rights and less than fee simple title." Because that is a claim that the circuit court misapplied the law to stipulated facts, our review is purely *de novo*, and we conclude that it is appropriate to exercise our discretion to review that claim *ex gratia*.

Our analysis and conclusion that the deed at issue did not convey fee simple title to Empire is set forth at length in ***Predovic II***, 2024 WL 619087, at *2-4, and we need not repeat that analysis here. The Judgment is reversed, and the case is remanded for further proceedings consistent with this opinion and ***Predovic II***.